In the Matter of the Estate of HOMER D. LINDGREN, Deceased.

Surrogate's Court, Kings County, June 29, 1943.

*Douglas Mathewson* for Gladys M. Lindgren, respondent.

*Tompkins, Boal & Tompkins* for Sonia Jordi, petitioner.

McGAREY, S. The respondent moves for a reargument of the decision of this court and the petitioner has made a cross motion requesting the court to amplify its findings based on the testimony adduced at the hearing.

Respondent urges that the recent decision of the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) requires that this court give recognition to the divorce obtained by the decedent in the State of Florida on October 3, 1939. That contention is not correct. The *Williams* case did not overrule the doctrine of *Bell* v. *Bell* (181 U. S. 175), to the effect that a decree of divorce was not entitled to full faith and credit when it had been granted on constructive service by the courts of a State in which neither spouse was domiciled.

Mr. Justice LEWIS of the Appellate Division, Second Department, in writing for the unanimous court, said in *Matter of Bingham* (265 App. Div. 463, 466, affg. 178 Misc. 801, leave to appeal denied 290 N. Y. 929): " The policy enunciated in *Lefferts* v. *Lefferts* (263 N. Y. 131), requires the courts of this State to

pass upon the *bona fides* of the residence of divorcees. That policy was not impaired by the decision in the *Williams* case, which expressly reserved the question whether the courts of one State might refuse to recognize the findings of the courts of another State as to domicile. All that the majority purported to do in the *Williams* case was to overrule *Haddock* v. *Haddock* (201 U. S. 562), and to remove from the question of full faith and credit consideration of the subsidiary question whether the person who had removed from the matrimonial domicile had wrongfully done so. The Supreme Court of the United States, in the *Williams* case, did not eliminate domicile as a foundation for jurisdiction."

In the decision rendered in this proceeding this court specifically held that at the time the decree of divorce was rendered in Florida both the decedent and his wife were domiciled in this State.

The proof before the court clearly established that decedent never was domiciled in Florida. He did not even reside there for the statutory period. He was present in New York during part of the time required for residence in Florida. His alleged residence was a sham and fraud. He went to Florida for the sole purpose of taking advantage of its divorce laws. He retained his position in New York University. He returned to it. He cashed his salary checks here. He supervised his classes and after his remarriage in Maryland returned here and continued his domicile and residence here. All of these facts conclusively demonstrate that decedent did not acquire a *bona fide* residence in Florida and that he went there merely for the purpose of procuring a divorce.

In such a situation this court is not required to give recognition to the decree of divorce. (*Matter of Bingham, supra; Bell* v. *Bell, supra; Milliken* v. *Meyer,* 311 U. S. 457.)

While the court is definitely of the opinion that the *Williams* case is not applicable to the facts established in the present proceeding and that the Appellate Division of this department has correctly stated in *Matter of Bingham* (*supra*) the limit of that decision as a precedent, this court believes it necessary to pose certain questions which apparently were either not considered or not answered in the *Williams* case:

1. Was not the State of Nevada required to give full faith and credit to the laws of North Carolina establishing the marital obligations of the parties to the marital contracts there created in the absence of an effective change of marital domicile? In other words, is not any court of a foreign jurisdiction required

to give full faith and credit to the laws of another State where the marital obligations were created and to which such marital status is still subject? Can a foreign jurisdiction grant a divorce when it does not have any jurisdiction either of the marital domicile, or of both of the parties to the marriage?

It seems to the court that the Constitution requires, and sound public policy demands, that the full faith and credit clause apply to marital contracts with the same force and effect that it applies to ordinary commercial or business contracts and that any State in which an action is instituted affecting such marital contract must enforce the law of the matrimonial domicile.

We should have some permanence to our judicial rulings and once a legal principle is enunciated by a court it should not be lightly changed, except prospectively by legislative enactment or constitutional amendment where necessary, otherwise the stability of our entire social structure is weakened and uncertain.

The function of the court is to interpret the law, not change or alter it by overruling prior decisions on the same question which have become part of our social fabric and accepted by everyone. The danger to our social structure is increased by the length of time which intervenes between the initial judicial pronouncement and its subsequent change.

Our social structure cannot be stable when our people must live and act in constant fear of some subsequent judicial decision's overruling an established and accepted principle of law previously stated. A determination once made by a court of last resort should not be changed except by legislative or constitutional amendment prospectively. Any power in a court to overrule or reverse a prior statutory construction in a new action or proceeding would create chaos in the ordinary affairs of life, business and social. Rights which people thought existed could be abolished by judicial process, not speaking prospectively but speaking retrospectively. The court has no power to declare what the law shall be in the future, its only power is to declare what the law now is and has been since its enactment, and, having once done so, the power to change such construction should rest only with the legislative branch of the government or the people themselves.

2. Reference is made in the prevailing opinion in the *Williams* case to the unfortunate effect of the rule as it existed in the *Haddock* v. *Haddock* decision (201 U. S. 562, *supra*). While the effect of the proposed decision might be properly considered by a court, its judgment should be founded upon the law as it exists, but if in the *Williams* case consideration were to be given to

moral principles and social problems must it not consider the serious and damaging effect that free, lax and unrestrained divorce measures or laws would have upon the stability of our government? Marriage is more than a pure civil contract. It is the foundation of a country and its entire social order. It distinguishes man from beast. It provides for our posterity.

It was said in *Maynard* v. *Hill* (125 U. S. 190, 211): " The consent of the parties is of course essential to its existence, but when the contract to marry is executed by the marriage, a relation between the parties is created which they cannot change. Other contracts may be modified, restricted, or enlarged, or entirely released upon the consent of the parties. Not so with marriage. The relation once formed, the law steps in and holds the parties to various obligations and liabilities. It is an institution, in the maintenance of which in its purity the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress."

In *Adams* v. *Palmer* (51 Me. 481, 484) the court said: " It is not, then, a contract within the meaning of the clause of the constitution, which prohibits the impairing the obligation of contracts. It is, rather, a social relation, like that of parent and child, the obligations of which arise not from the consent of concurring minds, but are the creation of the law itself; a relation the most important, as affecting the happiness of individuals, the first step from barbarism to incipient civilization, the purest tie of social life and the true basis of human progress."

In the case of *Ditson* v. *Ditson* (4 R. I. 87, 101) the court said that " *marriage,* in the sense in which it is dealt with by a decree of divorce, is not a contract, but one of the domestic *relations.* In strictness, though formed by contract, it signifies the *relation* of husband and wife, deriving both its rights and duties from a source higher than any contract of which the parties are capable, and as to these uncontrollable by any contract which they can make. When formed, this relation is no more a contract than ' fatherhood ' or ' sonship ' is a contract."

In *Wade* v. *Kalbfleish* (58 N. Y. 282, 284) the court said: " It partakes more of the character of an institution regulated and controlled by public authority, upon principles of public policy, for the benefit of the community."

In *Noel* v. *Ewing* (9 Ind. 37) the court stated that " in every enlightened government, it is preëminently the basis of civil institutions, and thus an object of the deepest public concern. * * * It is a great public institution, giving character to our whole civil polity."

There are three parties to every marriage contract — the two spouses and the State. Each has an interest in the maintenance of its integrity and the nation itself should have a greater interest in so doing. When the marital tie is weakened and marital obligations are lightly considered, the moral fibre of a nation is undermined. A declining birth rate, one of the results of a lax moral standard or easy divorce laws, has generally preceded the downfall of a nation. We have no reason to be proud of our high *per capita* divorce rate, in comparison with other nations.

The motion for reargument is granted and on such reargument the court adheres to its original decision and the motion of petitioner to make further findings is denied except insofar as the findings in the original decision are amplified herein.

Submit order, on notice, accordingly.