In the Matter of the Estate of MORRIS CHYAT, Deceased. GUSSIE WAITZEL, Respondent; RUBIN CHYAT, as Administrator, Appellant.— Order of the Surrogate's Court of the County of Kings, setting aside two releases executed by the respondent to the appellant upon the ground that they were obtained through fraud and misrepresentation, and directing the appellant, as administrator, to render and file his account, together with a petition for its judicial settlement, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

In the Matter of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Extension of Main Street, in the Borough of Queens. IRVING ROSEN et al., Appellants.— In a proceeding to acquire title to real property, tentative and final decrees, insofar as appealed from, unanimously affirmed, with costs. We consider the procedure of making tentative awards before all the evidence has been produced and considered to be undesirable, even though the claimants are afforded an opportunity of continuing and concluding the cross-examination of the City's witnesses and are given the right to introduce other and additional evidence on the hearings on objections to such tentative awards. Here, however, no harm was occasioned as the awards, in the light of all the evidence, are proper. Close, P. J., Carswell, Adel and Lewis, JJ., concur; Hagarty, J., concurs in the result. [See *post,* p. 826.]

In the Matter of the Accounting of JOHN HARRIGAN, as Temporary Administrator and as Administrator with the Will Annexed of the Estate of PATRICK HARRIGAN, Deceased. ROSE TULLY et al., Appellants; NORA NEVILLE et al., Respondents.— Appellants, claiming to be the sole next of kin of decedent, appeal from a decree of the Surrogate's Court, Queens County, which adjudged that certain of the respondents were also next of kin and entitled to share in the estate. Decree unanimously affirmed, with one bill of costs to respondents, payable out of the estate. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Taylor and Lewis, JJ. [See *post,* p. 826.]

In the Matter of the Estate of HOMER D. LINDGREN, Deceased. GLADYS M. LINDGREN, Appellant; SONIA JORDI, as Guardian of the Property of GLORIA S. LINDGREN, an Infant, Respondent.— Decree of the Surrogate's Court, Kings County, adjudging that Gloria S. Lindgren, decedent's daughter, an infant over the age of fourteen years, is the sole distributee of the decedent and entitled to his entire estate, and that Sonia Jordi, the infant's guardian, is entitled to letters of administration, unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Taylor and Lewis, JJ. [181 Misc. 166.] [See *post,* p. 826.]

In the Matter of WALTER E. WARNER et al., Appellants. KINGS COUNTY SAVINGS BANK, Respondent, v. WARREN JONES, Individually and as Administrator of the Estate of FRANK JONES, Deceased, et al., Defendants.— Order denying appellants' motion to vacate an *ex parte* order granting leave to commence and maintain an action at law *nunc pro tunc,* which order was granted under the provisions of section 1078 of the Civil Practice Act, reversed on the law, without costs, and the motion granted, without costs. Under section 1078 of the Civil Practice Act permission to institute an action is discretionary. The general rule is against granting such permission unless special circumstances are shown which justify a separate proceeding at law. (Carmody, New York Pleading and Practice, Vol. 2, § 578.) The respondent alleges that permission to sue in the action brought or contemplated was not necessary but was sought only as a precautionary measure. That may not be said to be such special circumstance as justified the making of the order. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.