## In re ROTHSCHILD.

(Supreme Court, Appellate Division, Second Department.  February 6, 1914.)

1. ELECTION OF REMEDIES (§ 7*)—ACTS CONSTITUTING—FORECLOSURE.

 Where in foreclosure proceedings, a deficiency judgment was not asked for against an assignee of a mortgagor, who had guaranteed prompt payment of the debt, because of an agreement made for the assignee's benefit that he should not be held liable for any deficiency if it were satisfied from other sources, there was no election so as to prevent the granting of an application under Code Civ. Proc. § 1628, to sue the assignee, on his guaranty contract, for the amount of a deficiency.

 [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. § 7.*]

2. MORTGAGES (§ 561*)—ACTION FOR DEBT—STATUTORY PROHIBITION—RELAXATION OF STATUTE.

 Code Civ. Proc. § 1628, providing that, after final judgment for plaintiff in a mortgage foreclosure action, no other action shall be maintained to recover any of the mortgage debt without leave of the court in which the foreclosure action was brought, may be relaxed by such court; its relaxation being governed by equitable principles.

 [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

3. MORTGAGES (§ 561*)—ACTION FOR DEBT—SUFFICIENCY OF EVIDENCE.

 On application by the mortgagee for permission to sue an assignee of the mortgagor for the amount of a deficiency after sale on foreclosure, evidence *held* to show that failure to ask for a deficiency judgment against such assignee in the foreclosure suit was pursuant to an agreement made for his benefit by which his liability for any deficiency was contingent upon nonsatisfaction of the debt from other sources.

 [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

4. MORTGAGES (§ 561*)—ACTION FOR DEFICIENCY.

 Where the assignee of the original mortgagor guaranteed prompt payment of the debt, and not merely its collection, and the mortgagee agreed with such assignee not to call on him to answer for any deficiency until after entry of the deficiency judgment against the original mortgagor, which has been done, and failure to satisfy it, it cannot be claimed that the mortgagee should proceed further against the mortgagor before applying for leave to sue such assignee for the deficiency, especially if the mortgagor has no property which would satisfy the debt.

 [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1609–1621; Dec. Dig. § 561.*]

Appeal from Special Term, Westchester County.

Application of Frederick W. Rothschild for leave to sue Meyer A. Bernheimer for a deficiency upon the foreclosure of a mortgage. From an order granting the application, Bernheimer appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Sigmund Wechsler, of New York City, for appellant.

Alfred L. Rose, of New York City (Benjamin G. Paskus, of New York City, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, P. J. Bernheimer appeals from an order of the Special Term, under section 1628 of the Code of Civil Procedure, that permits Rothschild to sue him to recover the amount of a deficiency in a sale under a judgment of foreclosure of a mortgage. The foreclosure suit was instituted by Rothschild in the name of Adams for convenience, but Rothschild now appears as the actual and formal owner of all Adams' right and title in the premises. Bernheimer was an assignee of the original mortgagor, and in turn assigned to Wechsler, who assigned to Rothschild. Bernheimer guaranteed to Rothschild the prompt payment of the accompanying bond.

[1, 2] The appellant contends that there was a waiver and an election, in that Bernheimer was made a party defendant in the foreclosure suit, but that a judgment for any deficiency was prayed for therein against the other defendants only. The foreclosure action was not for recovery of the debt personally, but to collect the debt out of the land under lien of the mortgage. Reichert v. Stilwell, 172 N. Y. 83, 89, 64 N. E. 790. The cause of action petitioned for is the contract or obligation of the guarantor for the payment of the debt (McKernan v. Robinson, 84 N. Y. 105), inasmuch as the foreclosure of the lien has not discharged the debt in full. Such relief is not prohibited save by this statute (section 1628 of the Code of Civil Procedure), that was enacted for the purpose of barring vexatious, oppressive, and expensive litigation, and to this end confined the creditor to one tribunal. But the statute may be relaxed. McKernan v. Robinson, supra; Equitable Life Ins. Society v. Stevens, 63 N. Y. 341. And the question of relaxation is regulated by consideration of equitable principles. Equitable Life Ins. Society v. Stevens, supra.

In the case at bar, the learned Special Term recited in its order:

"It appearing to my satisfaction that a deficiency judgment in the said foreclosure action was not demanded against the said Bernheimer in the first instance because of a special and peculiar set of circumstances, which appeared to me to be sufficient."

Rothschild shows in his petition that this omission was pursuant to agreement that no recovery would be sought against him on his guaranty, until a judgment for deficiency was entered against the mortgagor. And Rothschild states that he was moved to such agreement in consideration of his personal relations with Bernheimer, which prompted the desire to save Bernheimer if possible, and also in consideration of attempts to adjustment and of the fact that there was certain collateral security. Rothschild also showed that during the foreclosure suit he or his representative plaintiff was in continuous consultation with Bernheimer and his attorney, Wechsler, in the scheme to relieve Bernheimer without jeopardy to Rothschild; that as far as possible all of Bernheimer's suggestions in furtherance of the scheme were adopted; that at the foreclosure sale Wechsler, as attorney for Bernheimer, bid upon the premises without success; and that subsequent thereto Rothschild had continued to countenance and to aid Bernheimer's schemes for his own relief without loss to Rothschild; but that Bernheimer now refuses to pay the deficiency; and that Roth-

schild knows of no property of the mortgagor that can be applied in satisfaction of the said deficiency judgment. The opposition to the petition is confined to an affidavit of the said Wechsler, who deposes that not he, but some one in the office of the present attorneys for Rothschild, was the attorney for Bernheimer in the foreclosure action; that his bid at the foreclosure was made for parties other than Bernheimer; that the affiant never had any communication during the foreclosure sale with Rothschild, but that any communication with him was subsequent to the sale; that the affiant is informed that the mortgagor is a man of some means and in business; and that the judgment could probably be enforced against him if proper steps were taken, as to which Rothschild makes no statement in his petition.

It is somewhat significant that there is no opposing affidavit from Bernheimer, and that the said affidavit of Wechsler does not meet many of the allegations of Rothschild. Thus there is no denial of the agreement with Bernheimer that Rothschild would refrain from seeking recovery from him until after deficiency judgment against the mortgagor, or that during the foreclosure action Rothschild was in constant communication with Bernheimer, or that negotiations were then pending to relieve the latter from responsibility, or that subsequent to the judgment various schemes and propositions to the same end had been advanced and suggested which had been countenanced by Rothschild. It is true that the opposing affidavit denies that any bid was made at the foreclosure sale in the interest of Bernheimer by Wechsler, but this denial only presented a disputed question of fact to the Special Term. And in any event there is no dispute but that the guarantor appeared in the foreclosure action.

[3] The showing of Rothschild could indicate to the Special Term that the omission to ask for a deficiency judgment against Bernheimer in the foreclosure suit was not to lull him to sleep so that he could not protect himself in that action, but was in furtherance of an agreement made out of consideration for him, whereby it was understood, not that his liability would be lifted, but would be contingent upon the full satisfaction of the debt from other sources.

[4] The suggestion that Rothschild should proceed further against the mortgagor, despite Rothschild's assertion that he knows of no property of the mortgagor which would satisfy the debt, may be answered by pointing out that the agreement was but to postpone any call upon Bernheimer until after the entry of the deficiency judgment against the mortgagor, which has been done, and that the guaranty was not for the collection, but for the prompt payment, of the debt.

The order is affirmed, with $10 costs and disbursements. All concur.