Irving Trust Company, as Trustee under the Will of Eliza-
beth M. Stevens, Deceased, Appellant, *v.* Bessie Seltzer
et al., Respondents, et al., Defendants.

Second Department, March 29, 1943.

*Selden Bacon* and *Leonard B. Smith* for appellant.

*Abram L. Garber, Harry Schneider* and *George M. Jaffin* for respondents.

CLOSE, P. J. The factual background of the controversy here involved is as follows: In October, 1933, defendants-respondents Bessie Seltzer and Saul Seltzer, her husband, purchased certain premises which were subject to a mortgage, executed June 8, 1925, in the amount of $14,500, and held by plaintiff herein. On October 17, 1933, plaintiff and defendant-respondent Bessie Seltzer (herinafter called the defendant) entered into an agreement under which the payment of the principal sum of the mortgage was extended to February 1, 1935, and the defendant assumed payment thereof. In March, 1942, this action was instituted for the foreclosure of the mortgage. The complaint alleged the extension agreement and prayed for a deficiency judgment against defendant. Defendant was personally served with the summons and complaint on March 11, 1942, in the State of Florida, where she was then sojourning with her husband. Although defendant's attorney began communications with plaintiff about March 16, 1942, she did not formally appear in the action and on May 19, 1942, a judgment of foreclosure and sale was entered. This judgment made no provision for awarding a deficiency judgment against defendant. After publication of the notice of sale had begun and on May 25, 1942, defendant's attorney entered a general notice of appearance, waiving service of all papers except notice of sale and proceedings to obtain surplus moneys. At the foreclosure sale held on June 11, 1942, plaintiff bid in the property for $10,000, and on June 16, 1942, received the referee's deed. Defendant was not represented at the sale. The referee's report showed a deficiency of $6,611.63. Plaintiff thereafter moved for an order amending the judgment of foreclosure by incorporating therein a provision for a deficiency judgment against defendant on the ground that the court then had jurisdiction to award such relief, or, in the alternative, for leave to maintain an action against defendant for the deficiency pursuant to section 1078 of the Civil Practice Act. The Special Term denied the motion to amend the judgment upon the ground that the court lacked the power to grant such relief and refused leave to sue on the bond, apparently upon the ground (1) that

the notice of appearance entered after the judgment of fore-closure enlarged the scope of that judgment and the nature of the action, as determined by the judgment from an action *in rem* to an action *in personam*; or (2) that section 1083-a of the Civil Practice Act absolutely prohibits the maintenance of a separate action on the bond where resort has been had to an action to foreclose the mortgage, and that section 1078 of the Civil Practice Act does not apply.

Under the facts here present, the court correctly held that it lacked power to amend the judgment. The only relief that plaintiff was entitled to under its motion to amend the judgment would be such relief as might be granted as a matter of course. (*Herpe* v. *Herpe*, 225 N. Y. 323.) The relief sought here was not such relief. (*Schwinger* v. *Hickok*, 53 N. Y. 280; *Baehr* v. *Smith*, 169 App. Div. 574.)

On the other phase of the motion defendant contends that section 1083, as amended by chapter 510 of the Laws of 1938, and section 1083-a of the Civil Practice Act preclude plaintiff from obtaining a deficiency judgment. Plaintiff argues that sections 1083 and 1083-a do not apply to the extension agreement executed by defendant on October 17, 1933, relying for support of this argument upon the following provision of chapter 794 of the Laws of 1933: " This act shall not apply to mortgages dated on or after July first, nineteen hundred thirty-two, or to any bond, collateral bond, guarantee, or extension agreement or other agreement or writing concerning or delivered in connection with any indebtedness secured by a mortgage dated on or after July first, nineteen hundred thirty-two."

Plaintiff's contention in this regard cannot be sustained for the reason that it is the date of the mortgage and not the date of the extension agreement which determines whether section 1083-a is or is not applicable. However, it makes no difference whether or not the extension agreement was within the cover-age of section 1083-a for the reason that the Legislature, realizing that the moratory deficiency act embodied in section

1083-a was fair both to mortgagors and mortgagees alike, amended section 1083 of the Civil Practice Act in 1938 so as to make the provisions of section 1083-a applicable to all mortgages and connected agreements without regard to the date of their execution. The constitutionality of this provision has been upheld by the Supreme Court of the United States. (*Gelfert* v. *National City Bank,* 313 U. S. 221.)

However, it is our opinion that on the facts here presented plaintiff is entitled to maintain a separate action on the bond and that the refusal to permit such action pursuant to section 1078 of the Civil Practice Act is an improper exercise of the court's discretion. (*Matter of Corin* v. *Haines,* 217 App. Div. 809.)

Prior to the enactment of the Revised Statutes no decree for a deficiency judgment could be rendered in a foreclosure suit. A separate action at law on the bond was required for the recovery of any deficiency which might arise on the foreclosure sale. The policy of the Revised Statutes in regard to the maintenance of actions for foreclosure of mortgages and for suits on bonds was to prevent double litigation and to compel mortgagees to obtain all the relief to which they might be entitled in the foreclosure action. (*Equitable Life Ins. Society* v. *Stevens,* 63 N. Y. 341.) The statutes which were enacted for this purpose became section 1627, subdivision 1, and section 1628 of the Code of Civil Procedure. Section 1627 of the Code provided as follows: " 1. Any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action; and if he has appeared or has been personally served with the summons, the final judgment may award payment by him of the residue of the debt remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the directions contained therein."

This section later became section 1083 of the Civil Practice Act and remained in the same form until the amendment of 1938, which made the moratory deficiency judgment provisions the permanent legislation of the State.

Section 1628 of the Code of Civil Procedure provided as follows: " While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained, to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

This section, without any change in language, became section 1078 of the Civil Practice Act, which is presently in full force and unrepealed.

There are, therefore, existing statutes which contemplate and provide for the maintenance of a separate action on the bond even though a foreclosure action has already been brought. It appears obvious, therefore, that section 1083-a applies only to those cases in which plaintiff could have obtained all the relief to which it was entitled in the foreclosure action and that it does not apply to the instant case, where it could not have moved for a deficiency judgment for the simple reason that it possessed no final judgment upon which such a motion could have been predicated. The condition essential to the awarding of the deficiency judgment is the jurisdiction of the court over the person of the defendant. If such jurisdiction can be or is obtained by personal service of the summons within the State or by an appearance of a defendant in the action, then plaintiff may obtain all the relief to which he is entitled in the one action, and his failure to do so will bar him from bringing a separate suit for the deficiency. However, if the defendant does not appear in the action and cannot be personally served within the State, a judgment for a deficiency as provided for in sections 1083 and 1083-a cannot be obtained. It is in such a case that the equitable grounds are furnished for moving the court's discretion, under section 1078 of the Civil Practice Act, to grant leave to sue on the bond in a separate action.

In the present case plaintiff did everything to obtain all the relief to which it was entitled in the foreclosure action. It joined defendant as a party and prayed for a deficiency judgment in its complaint, but was precluded from obtaining such a deficiency judgment by reason of the fact that defendant could not be personally served within the State of New York and, thus, when the judgment of foreclosure was entered, there was no jurisdiction in the court to provide for the awarding of a deficiency.

Defendant, however, argues that is was the duty of plaintiff to move to amend the judgment of foreclosure and sale at the time that the court obtained jurisdiction over her, which was prior to the actual sale; and that, by reason of its failure to do so, plaintiff is estopped from the relief sought herein. Under the principle enunciated in *Herpe* v. *Herpe* (*supra*) the judgment of foreclosure and sale could not be amended so as to grant the plaintiff the essential relief. Defendant had the right to appear in the action at any time and such appearance entitled

her to notice of all subsequent proceedings. (*Martine* v. *Lowenstein,* 68 N. Y. 456.) But an appearance after entry of judgment does not have a retroactive effect so as to give jurisdiction over the defendant herein and permit the court to render judgment as though the defendant had appeared prior thereto. (2 Carmody's New York Practice, p. 1358; *Mayfield* v. *Bennett,* 48 Iowa, 194.)

The order should be modified on the law and the facts by striking from the decretal paragraph the words " denied in all respects " and by inserting in place thereof a provision granting plaintiff's motion to the extent of permitting it to sue respondent Bessie Seltzer for a deficiency judgment in a separate action; and, as so modified, the order should be affirmed, with ten dollars costs and disbursements to appellant.*

HAGARTY, CARSWELL, TAYLOR and LEWIS, JJ., concur.

Order modified on the law and the facts by *inserting* a provision granting plaintiff's motion to the extent of permitting it to sue respondent Bessie Seltzer for a deficiency judgment in a separate action. As so modified, the order is affirmed, with ten dollars costs and disbursements to appellant.

* Opinion amended by direction of Court.