■ SEAWOOD INVESTORS, Respondent, v SAUL D. GOLDSTEIN et al., Appellants.—In an action upon a written guarantee, defendants appeal from (1) an order of the Supreme Court, Queens County, dated August 4, 1975, which, *inter alia,* granted plaintiff's motion for summary judgment as to the first cause of action, and (2) a judgment of the same court, entered August 12, 1975, upon the said order. Order and judgment affirmed, with one bill of $50 costs and disbursements to cover both appeals. Plaintiff was not barred by sections 1371 and 1301 of the Real Property Actions and Proceedings Law from suing on the guarantee in connection with the first loan merely because it had sued separately to foreclose the mortgage in connection with the second loan. The fact that the separate loans were secured by separate mortgages on the same premises is irrelevant, since there was no consolidation or merger of the two mortgages. Plaintiff had the right to bring whatever combination of lawsuits it deemed advisable to better assure full payment of both loans. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ ALBERT SHANKER, as President of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, et al., Respondents, v JOSEPH MONSERRAT et al., Constituting the Board of Education of the City of New York, et al., Appellants.—In an action to recover damages for breach of a collective bargaining agreement, defendants appeal from so much of an order of the Supreme Court, Kings County, entered February 14, 1974, as granted their motion to dismiss the complaint for failure to state a cause of action only to the extent of dismissing the sixth cause of action contained therein. Order affirmed insofar as appealed from, without costs. The first five causes of action, on their face, state valid causes of action in contract which are sufficient, if the proof on the trial shows that the intent of the parties was to enter into a binding collective bargaining agreement as to the subject matter covered in the preambles to the 1967 and 1969 collective bargaining agreements between the parties, and the proof also shows that the said subject matter was as to the terms and conditions of employment of the board's employees represented by the plaintiffs, to sustain a judgment for any damages proved by the plaintiffs (see *Board of Educ., Union Free School Dist. No. 3 of Town of Huntington v Associated Teachers of Huntington,* 30 NY2d 122, 130; *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46). In sustaining the sufficiency of the first five causes of action contained in the complaint, insofar as they have been pled, we do not indicate that the plaintiffs have sustained any cognizable damage. Hopkins, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ EDWARD P. SKYER, INC., Appellant, v JOSEPH SCHWARTZ et al., Respondents.—Order of the Supreme Court, Orange County, entered December 10, 1974, affirmed, with $50 costs and disbursements. Upon plaintiff's motion for summary judgment, the opposing papers raised questions of fact which could properly be resolved only after a trial of the action. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.