OPINION OF THE COURT
Arnold G. Fraiman, J.
This is an application pursuant to subdivision 3 of section 1301 of the Real Property Actions and Proceedings Law, for *525 leave to commence an action on a collateral bond to recover the amount of the deficiency of a mortgage indebtedness, following a judgment of foreclosure and sale of the premises at York Avenue and 66th Street in Manhattan. On July 1, 1970 Turtle Bay Construction Corp. delivered a mortgage on the subject premises to plaintiffs to secure the principal sum of $95,000. Simultaneously, defendants executed a collateral bond in which they personally guaranteed payment of the $95,000. Thereafter, in 1971, defendants acquired title to the subject premises. In 1976, following a default, plaintiffs commenced a foreclosure proceeding in which both defendants were personally served, although neither appeared in the action. A judgment of foreclosure and sale was entered on September 20, 1976 granting plaintiffs the sum of $117,848.10, with interest, costs and disbursements. Pursuant thereto the property was sold to plaintiffs by the referee at public auction for the sum of $76,500, leaving $44,850.93 as the amount of the mortgage indebtedness remaining unsatisfied.
Plaintiffs failed to seek a deficiency judgment against defendants in the foreclosure action, and they now wish to recover the deficiency by suing on the collateral bond executed by defendants. Subdivision 3 of section 1301 of the Real Property Actions and Proceedings Law requires leave of the court before such an action may be commenced. Whether leave will be granted is a matter of discretion and turns upon equitable principles. (Irving Trust Co. v Seltzer, 265 App Div 696; Matter of Rothschild [Bernheimer], 160 App Div 530.) However, it has been repeatedly held that leave will not be granted unless "special circumstances” are shown. (National City Bank of N. Y. v Gelfert, 284 NY 13; Matter of Warner, 267 App Div 775.)
Here, plaintiffs claim as "special circumstances” that it was not anticipated that defendants would be personally served in the foreclosure action. Further, that because of a personal relationship between the parties, plaintiffs had verbally agreed not to seek a recovery from them under the collateral bond unless the property was sold at a price less than the amount due on the mortgage.
Neither of these reasons constitutes adequate special circumstances to warrant the relief here sought. The fact is, as noted, that both defendants were personally served in the foreclosure proceeding. Under such circumstances, it has been held that the failure of plaintiff to obtain all the relief to *526 which he is entitled in the foreclosure action will bar him from bringing a separate suit for the deficiency. (Irving Trust Co. v Seltzer, supra, at p 700.)
Nor is plaintiffs’ contention that they forbore seeking a deficiency judgment against defendants in their foreclosure proceeding because of the personal relationship between the parties, a basis for the court’s exercise of its discretion in their behalf. It is obvious that even if defendants were total strangers plaintiffs would not pursue them until there was a deficiency judgment resulting from the sale. Accordingly, it is difficult to comprehend exactly what special consideration plaintiffs were extending defendants by reason of their alleged friendship. The sale of the subject premises having resulted in a deficiency, it can scarcely be argued that defendants are somehow better situated by being sued a second time to recover that deficiency, rather than being sued for it as part of the foreclosure proceeding. Nor is Matter of Rothschild (Bernheimer), (supra), upon which plaintiffs principally rely, apposite. In that case, it is true that Bernheimer, the guarantor on the bond, was a party to the foreclosure proceeding and a deficiency judgment was not sought against him but the court nevertheless granted plaintiff leave to commence a subsequent action against him on the bond. However, basis for that determination was a finding by the court that by reason of the personal relationship existing between Bernheimer and the mortgagee, it was agreed that no recovery would be sought against Bernheimer on his guarantee until a deficiency judgment was obtained against the mortgagor and the mortgagee was unable to satisfy it from his property. Here, of course, defendants are the owners of the property as well as the guarantors on the bond. Thus, plaintiffs’ forbearance, out of friendship, from seeking a deficiency judgment against them in the foreclosure proceeding was meaningless. They were the source, and the only source, from which a deficiency judgment could be satisfied, and having been made parties to the foreclosure proceeding, that was the forum in which such a judgment should have been obtained. Plaintiffs having failed to do so, they are barred from bringing a separate action for the deficiency. Accordingly, the application is denied.