■ DANIEL H. BOYD et al., Respondents, v WARD J. JARVIS, Appellant.— Appeals (1) from an order of the County Court of Tioga County, entered March 30, 1979, which granted plaintiff's application for permission to commence an action to recover part of a mortgage debt, and (2) from an order of said court, entered May 23, 1979, which, after granting defendant's motion to reargue, adhered to the prior order. In 1974, plaintiffs obtained a foreclosure judgment directing the sale of premises located in the Village of Owego, Tioga County, which defendant had mortgaged to them in 1970 as collateral security for his bond given in connection with the purchase thereof. The judgment itself made no specific provision for the payment of any deficiency which might arise as a result of the sale, even though defendant had appeared and contested the underlying foreclosure action (Real Property Actions and Proceedings Law, § 1371, subd 1; see *Bankers Trust Co. v 1 East 88th St. Corp.,* 283 NY 369), and no timely motion was thereafter made by plaintiffs for leave to enter such a deficiency judgment following a sale of the property for substantially less than defendant's outstanding liability (Real Property Actions and Proceedings Law, § 1371, subd 2). Instead, over a year after the report of the referee's sale was belatedly confirmed in 1977, plaintiffs brought on the instant application seeking, among other items, court permission to maintain an action against defendant on his bond (Real Property Actions and Proceedings Law, § 1301, subd 3). Relief was granted to that extent and this appeal by defendant ensued. Initially, plaintiffs were free to commence an action at law on the instant bond or to proceed in equity by way of foreclosure. Having adopted the latter course, however, they were confined to the remedies available in foreclosure proceedings for, absent special circumstances, it is well-settled and legislatively expressed policy of this State to discourage double litigation of such matters (Real Property Actions and Proceedings Law, §§ 1301, 1371; see *National City Bank of N. Y. v Gelfert,* 284 NY 13; *First Nat. Bank & Trust Co. of Walton v Eisenrod,* 263 App Div 227). Here, plaintiffs have failed to adequately demonstrate the existence of any special circumstances warranting court permission to maintain their proposed action against defendant. He appeared and actively defended the foreclosure proceeding and was, therefore, subject to an in personam judgment for any deficiency (Real Property Actions and Proceedings Law, § 1371, subd 1; cf. *Irving Trust Co. v Seltzer,* 265 App Div 696). Since no compelling reason has been advanced or established to justify a separate suit under these circumstances, it follows that the trial court abused its discretion in granting plaintiffs' application *(Darmstadt v Manson,* 144 App Div 249; *Rose v Gershman,* 93 Misc 2d 524). Accordingly, the orders appealed from should be reversed and the motion denied. Order reversed, on the law and the facts, and motion denied, with costs. Kane, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.