■ LEON O'BRANSKI et al., Respondents, v TOMPKINS COUNTY TRUST COMPANY, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered October 31, 1980 in Tompkins County, which, *inter alia,* granted plaintiffs' motion for summary judgment upon the first cause of action, and (2) from the judgment entered thereon. Plaintiffs herein were officers and apparent owners of the Freeville Lumber Company, Inc. (hereinafter Freeville). The instant lawsuit alleges that defendant converted plaintiffs' $10,000 bank account. The bank account had been assigned to defendant as security for plaintiffs' personal guarantee of payment of a $75,000 note and mortgages owed to defendant by Freeville. On December 5, 1978, plaintiffs, their attorney, an agent of the defendant bank and an agent of the United States Small Business Administration (hereinafter SBA) agreed at a meeting that in light of the unprofitability of plaintiffs' lumber business, the business should be closed and its assets liquidated to avoid further debt. The $75,000 debt to defendant, which was insured by the SBA, was also secured by plaintiffs' personal guarantee of repayment and by plaintiffs' bank account, with an original balance of $35,000, assigned to defendant as substitute collateral for a mortgage on plaintiffs' home, which mortgage had previously been discharged by defendant on the sale of the home. Pursuant to the agreed liquidation, Freeville surrendered its personal property assets to defendant, authorized defendant to sell the assets and admitted default on the $75,000 debt owing to defendant. Defendant commenced a foreclosure action against Freeville on its two second mortgages and plaintiffs apparently co-operated in the foreclosure as a part of the over-all liquidation plan. Plaintiffs were not made defendants in the action. Pursuant to a judgment of foreclosure and sale, Freeville's realty was sold to the SBA. The Referee's report of the sale reflects a $23,534.16 deficiency after sale. After the SBA bid on the property at auction, but before the sale was consummated, pursuant to a letter from SBA advising defendant to do so, defendant applied the $10,000 balance of plaintiff's account "to reduce [a] total debt of $48,861.34." No documentation concerning the "total debt" or the discharge of the first mortgages is included in the record. Defendant did not move for a deficiency judgment, and its time to do so pursuant to RPAPL 1371 (subd 2) expired. In this conversion action for recovery of plaintiffs' $10,000 account balance, plaintiffs contend that defendant's appropriation of the sum was barred by (1) the judgment in foreclosure; (2) the conclusive presumption created by subdivision 3 of section 1371 that the mortgage debt has been satisfied in the absence of a timely motion for a deficiency judgment; and (3) the bar on multiple suits to satisfy a foreclosed mortgage debt created by RPAPL 1301. Defendant contended, *inter alia,* that neither the foreclosure judgment nor the cited statutes barred the instant use of the funds since defendant acted in furtherance of the agreed liquidation plan and pursuant to express or implied agreements of the parties that plaintiffs' $10,000 could be applied even absent a deficiency judgment. Defendant bank asserts the "liquidation agreement," estoppel, waiver and its status as a

mortgagee in possession (RPAPL 1371, subd 4) as affirmative defenses. Special Term granted plaintiffs' motion for summary judgment with respect to the conversion action (first cause of action) and awarded judgment in the sum of $10,000. It granted defendant's cross motion to dismiss plaintiffs' second cause of action for attorney's fees. Defendant appeals from so much of the order as granted plaintiffs' motion for summary judgment on the first cause of action and the judgment entered thereon. Special Term erred in granting summary judgment on the first cause of action. It improperly concluded, as a matter of law, that no agreement existed pursuant to which defendant appropriated the balance of plaintiffs' bank account, and that defendant's right to do so arose solely from its status as a mortgagee in foreclosure, since the evidence is inconclusive with respect to the existence of any agreement and the rights pursuant to which defendant acted. Special Term's decision that defendant's defenses are insufficient as a matter of law is predicated on the implicit finding that defendant's right to the $10,000 arose solely out of the mortgage debt and that no special circumstances or independent agreement existed as would lift or render inapplicable the *res judicata* or statutory bar to asserting a right to payment (cf *Boyd v Jarvis,* 74 AD2d 937; *Rose v Gershman,* 93 Misc 2d 524; *Merchants Nat. Bank & Trust Co. of Syracuse v Wagner,* 93 Misc 2d 224). If "special circumstances" exist, neither the amended judgment in foreclosure nor the cited statutory sections would necessarily bar the appropriation of the funds made by defendant or the defenses asserted by defendant in this action (see *Boyd v Jarvis, supra; Matter of Rothschild [Bernheimer],* 160 App Div 530; *Rose v Gershman, supra)*. The same would be true if plaintiffs' obligation to pay or defendant's right to payment can be said to exist independent of the mortgage debt or deficiency (see *Marine Midland Bank-Cent. v Gleason,* 62 AD2d 429, affd 47 NY2d 758; *Seawood Investors v Goldstein,* 51 AD2d 592; *French Evangelical Church of N.Y. v Borst,* 22 AD2d 511). In our view, the evidence raises material questions of fact regarding the existence of special circumstances or an agreement between the parties as would allow defendants' assertion of a right to payment. The issues should have been preserved for trial and summary judgment was, therefore, improperly granted on plaintiffs' first cause of action (see *Bernardo v Carlin Constr. Co.,* 58 AD2d 638). The order and judgment appealed from should be modified by reversing so much thereof as granted plaintiffs' motion for summary judgment on the first cause of action, and, as so modified, affirmed. Order and judgment modified, on the law, by reversing so much thereof as granted plaintiffs' motion for summary judgment on the first cause of action, and, as so modified, affirmed, without costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.