OPINION OF THE COURT
Alfred M. Lama, J.
Plaintiffs seek leave of the court to commence an action to recover an unpaid mortgage debt. The pertinent facts culminating in this motion are as follows:
On April 15,1970, plaintiffs sold a parcel of real property located in the Town of Islip, County of Suffolk, to the defendant Nellen Development Corporation (hereinafter Nellen). The property consisted of approximately 140 acres of vacant land.
At the time of the sale the subject premises were burdened with a first mortgage owned by the Mid-Island Council Girl Scouts Inc. (hereinafter the Girl Scouts). With the transfer of the title, Nellen executed a note and purchase-money mortgage. The note was in the amount of $592,411.50, and the mortgage granted a lien on the parcel in favor of the plaintiffs. Thus, the mortgage from Nellen to the plaintiffs constituted a valid second mortgage on the property.
Over the next five years a series of conveyances and assignments took place, none of which need be the focus of *269 discussion here. It is important to note that as of July, 1975, defendants Blatte, Cervera and Mattikow acquired title to the premises.
On July 8, 1975, the principal balance under the plaintiff’s mortgage with Nellen (at this time reduced to $217,411.50) became due and payable. However, instead of making such payment, on July 21,1975, Blatte, Mattikow and Cervera obtained from the plaintiffs an extension for payment of the balance until July 8,1976. This was accomplished by the execution of an extension agreement. In pertinent part that extension agreement provides as follows: “And the party of the second part (Blatte, Mattikow and Cervera) in consideration of the above extension does hereby assume covenant and agree to pay said principal sum and interest as above set forth and not before the maturity thereof as the same is hereby extended and to comply with the other terms of the said bond or note and mortgage as hereby modified.”
As of July 8, 1976, the defendants had made none of the payments as called for in the extension agreement. Therefore, plaintiffs commenced an action to foreclose on the mortgage. Within the complaint, the plaintiffs named Cervera, Blatte and Mattikow as parties defendant, and cited the existence of the extension agreement. However, the wherefore clause of the complaint sought only foreclosure of the subject premises and a deficiency judgment on the residue of the debt against Nellen Development Corp. At this juncture no other action in foreclosure had been commenced.
Shortly thereafter, the Girl Scouts commenced an action to foreclose on their first mortgage. This action resulted in a judgment of foreclosure and sale in favor of the Girl Scouts on September 5, 1978. This, however, did not deter the plaintiffs herein from vigorously prosecuting their foreclosure action (see Stein v Nellen Dev. Corp., 65 AD2d 789), and in evidence thereof, in March, 1979, plaintiffs were granted summary judgment in their foreclosure action.
Subsequent to the award of summary judgment, plaintiffs proceeded no further with their action. Plaintiffs claim that their intent after securing judgment was to wait until *270 the foreclosure sale in the Girl Scouts action where they anticipated a surplusage would result covering the amount due on their mortgage. Though originally scheduled to occur on October 26,1978, the sale in the Girl Scouts action did not occur until January, 1982. At the sale the Mid-Island Council of Girl Scouts Inc. purchased the property, and to the surprise of the plaintiffs no surplus resulted. Plaintiff’s equitable lien was therefore effectively extinguished.
Without leave of court, as required of RPAPL 1301 (subd 3), plaintiffs immediately commenced an action to recover on the mortgage debt in Nassau County. This action was dismissed “without prejudice to any available steps plaintiffs may be advised to take in New York State Supreme Court, Suffolk County” (the county where the plaintiff’s foreclosure action had been commenced). (Stein v Blatte, 118 Misc 2d 633.)
Now plaintiffs seek leave of this court to commence an action at law to recover on the mortgage debt against defendants Blatte, Cervera, and Mattikow. Defendants vehemently oppose such relief on the following grounds: (1) no “special circumstances” have been demonstrated by the plaintiffs, (2) plaintiffs are guilty of laches in commencing this action upon the debt, and (3) the plaintiffs never intended these three defendants would be personally liable for the debt.
It has long been the law of this State that the holder of a mortgage in default has two alternative remedies: (a) at law to recover on the obligation; (b) in equity, to foreclose his lien against the property mortgage. (Copp v Sands Point Marina, 17 NY2d 291.) Once the action in foreclosure is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought. (RPAPL 1301, subd 3.) The purpose of this rule is to confine the mortgagee to his remedy in the foreclosure suit for the recovery of the deficiency and thereby avoid vexatious, oppressive and expensive litigation. (Equitable Life Ins. Soc. v Stevens, 63 NY 341; Irving Trust Co. v Seltzer, 265 App Div 696; Matter of Rothschild, 160 App Div 530; Darmstadt v Manson, 144 App Div 249.)
*271 Whether or not leave of court should be granted to commence the separate action to recover upon the mortgage debt is conditioned upon the applicant demonstrating that special circumstances exist to justify a separate proceeding at law. (National City Bank v Gelfert, 284 NY 13; Equitable Life Ins. Soc. v Stevens, supra; Matter of Warner, 267 App Div 775; Wachtell v Tantleff, 255 App Div 867.) The question as to whether special circumstances have been shown is regulated by consideration of equitable principles on a case-by-case basis, and generally the focus of inquiry is upon whether the plaintiff could have obtained all the relief it was entitled to in the foreclosure action without the undue burden of commencing an action on the debt.
The court has no doubt that such special circumstances have been demonstrated in this case. It is true that the plaintiff did choose to commence an action in equity rather than at law. It is also true as defendants contend that no deficiency judgment was sought from the individual defendants in the foreclosure action, the plaintiffs being content to seek a deficiency judgment only from the corporate defendant, Nellen. As such, the court would not hesitate to deny the relief sought against the individual defendants herein, were the plaintiff’s foreclosure action to have culminated in a sale leaving a deficiency which Nellen could not satisfy. (Boyd v Jarvis, 74 AD2d 937; Darmstadt v Manson, 144 App Div 248, supra; Rose v Gershman, 93 Misc 2d 524.) However, this not being the case the only question to consider is whether the plaintiff could have obtained all of the relief to which it was entitled within their foreclosure action. (Irving Trust Co. v Seltzer, 265 App Div 696, supra.) Obviously, upon the sale of the subject premises in the Girl Scouts foreclosure action, the plaintiff’s equitable lien was effectively extinguished (Wachtell v Tantleff, 255 App Div 867, supra) and plaintiffs lost all the relief to which they were entitled under the foreclosure action. Therefore the only remedy left to plaintiffs is to sue upon the mortgage debt.
The court finds no issue of laches present. In fact, the court finds that the plaintiff’s foreclosure action was vigorously litigated (Stein v Nellen Dev. Corp., 65 AD2d 789, *272 supra). Though plaintiffs initially sought leave to commence the action on the debt in the wrong county, this error did not substantially prejudice the defendants herein. Whether, as contended by defendant the individual liability clause was left in the extension agreement by mistake, or whether the defendants were rushed to execute the agreement with no intent by either party to hold the individual defendants personally liable is a question best left for the trial court. The only question here is whether the court should grant the application for leave to commence the action on the mortgage debt, and to this the court responds affirmatively.
Finally, as the action to recover on the debt is transitory in nature the request to place the venue of this action in Nassau County is granted as this is the residence of the majority of the parties. (CPLR 503, subd [a].)
Plaintiffs are directed to commence this action to recover upon the mortgage debt within 30 days from the date of this order.