OPINION OF THE COURT
Leo F. Hayes, J.
On July 8, 1988, upon motion of the plaintiff, this court *13 signed a judgment of foreclosure and sale in the above-entitled matter. The judgment of foreclosure and sale allowed the plaintiff to proceed with a foreclosure sale of the mortgaged property and, in the event of any deficiency, to move for a deficiency judgment as prescribed by RPAPL 1371. Subsequent to the entry of the judgment, plaintiff apparently took no action to proceed with the foreclosure sale. Then, approximately 15 months later, moved pursuant to CPLR 2221 and 5015 (a) to modify the judgment to grant plaintiff summary judgment in the amount of the debt, $58,143.29 plus interest against Kesselring-Dixon Inc., Robert E. Kesselring, Patricia Kesselring, Leo R. Dixon and Alice Dixon pursuant to the mortgage note and guarantees executed by the individual defendants. Plaintiff also seeks to have the court vacate those paragraphs of the judgment which granted foreclosure to the plaintiff.
The basis for plaintiff’s unusual request is that the plaintiff submits that its "discovery of hazardous waste on the subject property after this court signed the order constitutes a material change in the circumstances underlying the order and warrants this court’s modification of the order”. Plaintiff’s application is based solely upon an attorney’s affirmation with no supporting documentation whatsoever. The attorney’s affirmation alleges that plaintiff’s attorneys have received an environmental assessment from an engineering firm which indicates that soil samples from the property contain benzene, toluene, and xylene. Furthermore, gasoline allegedly was found in a storm sewer east of the property following periods of rain. Plaintiff is concerned that it may be responsible to disclose potential environmental hazards at a foreclosure sale and to be responsible for cleaning up the contamination if it purchases the property at the foreclosure sale. Plaintiff has not offered as proof any of the reports of the engineering firm or other adverse environmental statements.
The individual defendants have submitted opposition to plaintiff’s motion. In particular, the individual defendants point out that the plaintiff was well aware of the chain of title and the prior ownership of the property by the Texaco Oil Company. Defendants point out that the plaintiff has offered no affidavits or information from environmental engineers to support the attorneys’ hearsay references to pollution, and also point out that based upon the defendant Robert Kesselring’s personal knowledge, there are 10 sites within 1,000 feet of the subject property which either currently or within the *14 past 8 to 10 years were utilized for the sale of petroleum products.
The defendants all assert that the plaintiff was well aware of the history of the property, it was well aware of the nature of the neighborhood and that, having been knowledgeable of the purchase of the property by defendants from Texaco Oil Company, Inc., could have reasonably assumed the possibility of contamination existing and that such considerations could have or should have been taken into account prior to the plaintiffs selection of remedies herein.
Plaintiffs motion is based primarily upon CPLR 5015 (a), which allows a court to relieve a party from a judgment or order upon excusable default, newly discovered evidence, fraud, misrepresentation or other misconduct of an adverse party. It seems generally acknowledged that CPLR 5015 does not expressly apply to a situation in which the moving party seeks to vacate its own judgment. However, it does appear that, the technical inapplicability of section 5015 notwithstanding, the court’s inherent discretionary power, as derived from the common law, makes such a vacatur of judgment possible. (Siegel, 1966 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5015, 1990 Supp Pamph, at 560.) I am satisfied that, even absent express authority from CPLR 5015, this court has discretionary power to set aside the judgment herein. (Ladd v Stevenson, 112 NY 325 [1889].)
The underlying complaint in this action is a complaint for a foreclosure of the mortgage. As the Appellate Division, Fourth Department, has noted "Heretofore, it has been recognized that the holder of a bond and mortgage has a choice of two remedies: he may proceed at law to bring an action on the debt as evidenced by the note (or bond) or he may proceed at equity by bringing an action to foreclose the mortgage * * *. The note represents the primary personal obligation of the mortgagor while the mortgage is merely the security for such obligation * * *. The creditor in a mortgage transaction has the choice of two remedies, pursuing either the land or the borrower * * *. Under section 1301 of the Real Property Actions and Proceedings Law, the mortgagee, however, must make an election as to which remedy he will pursue and cannot prosecute the two actions concurrently * * *. For this reason, section 1301 of the Real Property Actions and Proceedings Law proscribes a mortgagee of real property from seeking to enforce rights upon default by pursuing a legal remedy and *15 an equitable remedy at the same time.” (Wyoming County Bank & Trust Co. v Kiley, 75 AD2d 477, 480 [4th Dept 1980].)
Technically, the plaintiff is not in violation of this provision of the Real Property Actions and Proceedings Law. Plaintiff elected its remedy and chose to pursue the equity action against the property. Plaintiff is now before the court seeking to vacate the equity judgment and to have the court simply convert the equity judgment to a judgment for money damages, a type of relief against which the defendants have had no notice or opportunity to defend.
It is this court’s opinion that it would be an abuse of discretion to grant the relief requested. At most, this court has the power to vacate the equitable judgment of foreclosure and to allow the plaintiff to commence an action at law against the defendants personally to recover a money judgment.
However, that is not the relief sought by the plaintiff; and if it were the relief sought, the court is not satisfied on this record that there is adequate grounds upon which to grant such relief. The court’s discretion is not unfettered; I am mindful that the law favors finality of judgments, and that the purpose behind RPAPL 1301 (3), which is arguably applicable herein, "is to confine the mortgagee to his remedy in the foreclosure suit for the recovery of the deficiency and thereby avoid vexatious, oppressive and expensive litigation”. (Stein v Nellen Dev. Corp., 123 Misc 2d 268, 270 [1984].)
In the case at hand, the plaintiff was always aware of the chain of title, based upon the examination of the abstract alone, the plaintiff certainly was on notice, given the prior ownership by a gasoline company, that contamination of the property was well within the realm of possibility. Furthermore, mortgages are generally not given without some physical examination by the lending party of the site. An examination of the property would have made it obvious to the bank that the property is in the vicinity of a number of petroleum-utilizing establishments. Plaintiff has not demonstrated any unusual prejudice or change of circumstances to the plaintiff which would compel this court, on equity principles, 15 months after the granting of the judgment, to vacate the judgment on the grounds of some newly discovered evidence. Furthermore, plaintiff has offered this court no direct evidence of contamination of the property in issue.
Plaintiff elected its remedies, and it would be an abuse of *16 discretion to grant this motion, at this late date, absent a showing of any deception on the part of defendants, absent any direct evidence of the pollution as claimed by the plaintiff, and given plaintiff’s opportunity (whether or not exercised) to examine all the data readily available to it prior to exercising its election of remedies to proceed in foreclosure. This motion must be denied.