■ Francis K. Brown, Respondent, v Leon D. Bellamy, Sr., et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered April 5, 1990 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment on the issue of liability.

Plaintiff owned a parcel of commercial real estate located on U.S. Route 9 in the Town of Colonie, Albany County. In March 1976, plaintiff leased the property to defendant Leon D. Bellamy, Jr. who, in turn, assigned the lease to defendant Pancake House, Inc. Thereafter, application was made to obtain a construction loan from Marine Midland Bank (hereinafter the Bank) to erect a restaurant on the property. The Bank refused to make the loan unless it was secured by a mortgage prior in right and interest to plaintiff's ownership of the property. Therefore, to induce the Bank to agree to the loan, plaintiff executed a subordination agreement, dated November 17, 1976, making his ownership of the property secondary to a mortgage subsequently given by Pancake

House to the Bank in exchange for the construction loan. Additional guaranties were eventually executed in favor of the Bank by Leon D. Bellamy, Jr. as well as by defendants Leon D. Bellamy, Sr. and Bellamy of Corinth, Inc. The loan proceeds were used to construct a restaurant on the property known as the International House of Pancakes.

In May 1982, Pancake House was found to be in default of payment on the construction loan and the Bank subsequently commenced an action in foreclosure against, among others, plaintiff and defendants herein. Plaintiff did not seek judgment over against defendants as mortgagor and guarantors of the mortgage and, by order entered May 14, 1985, Supreme Court, *inter alia,* granted foreclosure in favor of the Bank. Before a foreclosure sale was conducted, plaintiff paid the Bank in full satisfaction of the mortgage and other expenses and then sold the property himself for an amount in excess of $46,000 over payments he made to the Bank.

On January 14, 1989, plaintiff commenced this action seeking, *inter alia,* reimbursement of moneys expended to satisfy the mortgage. Plaintiff alleged that he was subrogated to any and all rights held by the Bank against defendants and therefore entitled to recover any amounts due thereunder. Both sides moved for summary judgment. Supreme Court granted summary judgment in favor of plaintiff on the issue of liability, holding that plaintiff was subrogated to the interests of the Bank and entitled to collect from defendants those amounts paid in satisfaction of the construction loan. This appeal by defendants ensued.

We concur in Supreme Court's finding that plaintiff is eligible to invoke the equitable principle of subrogation. An equitable doctrine, subrogation recognizes a right of recovery where "one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability" *(Gerseta Corp. v Equitable Trust Co.,* 241 NY 418, 425-426). These principles of the equitable doctrine of subrogation have been extended, rather than restricted, where, as here, one's property is put at danger because his lessee has failed to pay a debt he is legally obligated to pay *(see, Menorah Nursing Home v Zukov,* 153 AD2d 13, 18). Further, since the right is founded upon principles of equity, no contract between the owner of the endangered asset and the defaulting defendant is required. Unlike

contractual subrogation, where the subrogee's rights are defined in an express agreement, the rights of a landowner against his defaulting lessee as equitable subrogee arise independently of any contract (see, *Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366).

In this matter, it is not disputed that Pancake House rightfully owed the lending bank the amount of money borrowed for construction of the restaurant. It is also undisputed that plaintiff paid $229,392.52 in satisfaction of that debt. Given these facts, we find that plaintiff was subrogated to the rights of the Bank at the time he satisfied the mortgage.

More perplexing, however, is defendants' argument that, as a subrogee to the Bank's rights, plaintiff is barred from recovering on the mortgage debt because the Bank, by electing the foreclosure, was prevented from commencing an action on the mortgage debt without leave of court (see, RPAPL 1301 [3]). To be sure, the subrogee of a mortgage assumes the rights of the mortgagee. The subrogee cannot, however, acquire rights greater than those in whose stead it is substituted (see, *Solomon v Consolidated Resistance Co.,* 97 AD2d 791, 792; *Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.,* 86 AD2d 476, 479-480, *lv denied* 57 NY2d 604; *State Bank v Dan-Bar Contr. Co.,* 12 AD2d 416, 418, *affd* 12 NY2d 804). Here, at the time plaintiff satisfied the mortgage and "stepped into the Bank's shoes", the Bank had already commenced an action in foreclosure and received judgment in its favor. We note here that plaintiff chose to satisfy the mortgage before the foreclosure sale. Having decided to proceed by way of foreclosure, the Bank was confined to those remedies available by way of the judgment rendered thereon so that the rights of the Bank at *that* time were limited to satisfaction of the mortgage from a subsequent foreclosure sale's receipts (see, RPAPL 1301 [3]; *Boyd v Jarvis,* 74 AD2d 937; *Stein v Nellen Dev. Corp.,* 123 Misc 2d 268). As the Bank's subrogee, plaintiff is thus barred from initiating the present action for recovery on the mortgage debt without leave of court (see, RPAPL 1301 [3]).

We reject plaintiff's argument that, as an equitable remedy, subrogation and plaintiff's rights thereunder should not be frustrated by application of the statute at issue. Having been a named defendant in the foreclosure action, plaintiff could have sought protection of his interest in the property therein (see, *Dominion Fin. Corp. v 275 Washington St. Corp.,* 64 Misc 2d 1044, 1048).

Order reversed, on the law, without costs, cross motion

granted, summary judgment awarded to defendants and complaint dismissed. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.