■ STANLEY WAND, Appellant, v SAMIR SALEH, Respondent, et al., Defendant. [630 NYS2d 367] —In an action to foreclose a

mortgage pursuant to RPAPL article 13, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated May 27, 1994, which denied his motion to commence an action pursuant to RPAPL 1301 (3) to recover the amount of the deficiency resulting from the sale of the mortgaged property.

Ordered that the order is affirmed, with costs.

RPAPL 1301 (3) requires a plaintiff to obtain leave of court to maintain an action to recover on the mortgage debt during the pendency of an action to foreclose the mortgage or after final judgment for the plaintiff *(see, Lehman v Roseanne Investors Corp.,* 106 AD2d 617; *Boyd v Jarvis,* 74 AD2d 937). It is well settled that leave to bring a separate action against a party who was a defendant in the foreclosure action will not be granted " 'unless special circumstances were shown which manifestly required that course' " *(Sanders v Palmer,* 68 NY2d 180, 185). The law office failure cited by the plaintiff does not constitute special circumstances warranting that the court grant permission to maintain his proposed action against the defendant *(cf., Irving Trust Co. v Seltzer,* 265 App Div 696). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.