108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 RESOLUTION TRUST CORPORATION, in its capacity as Receiver of
Old Stone Federal Savings Bank and RTC mortgage
Trust 1995-S/N1, Plaintiffs-Appellees,
v.
J.I. SOPHER & CO., INC., Defendant-Appellant,
Jacob I. Sopher, Psychiatric Institute of America, Manuel
Mirabel, Deputy Director, or his successor, New York State
Division of Housing & Community Renewal Office of Rent
Administration, New York State Department of Taxation and
Finance, New York State Tax Commission, the Board of
Managers of the OTIC Professional Condominium, the City of
New York Environmental Control Board Bureau, the Hunter
Mechanical Co, New York City Department of Finance, Defendants.
 
 No. 96-6198.
 United States Court of Appeals, Second Circuit.
 March 6, 1997.
 APPEARING FOR APPELLANT: Neal S. Barlia, Donald S. Snider, Baer Marks & Upham, New York N.Y.
 APPEARING FOR APPELLEES: Jeffrey T. Golenbock, Golenbock, Eiseman, Assor & Bell, New York, N.Y. (for RTC Mortgage Trust 1995-S/N1) Jerrietta R. Hollinger, Ganz, Hollinger & Towe, New York, N.Y. (for Resolution Trust Corp.)
 PRESENT: ELLSWORTH A. VAN GRAAFEILAND, THOMAS J. MESKILL, JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 This appeal concerns a foreclosure action brought by the plaintiffs Resolution Trust Corporation ("RTC"), in its capacity as receiver of Old Stone Federal Savings Bank, and RTC Mortgage Trust 1995-S/N1 (the "Mortgage Trust"), the successor-in-interest to the RTC (jointly, "plaintiffs"), to foreclose on a mortgage (the "Mortgage") executed by defendant-appellant J.I. Sopher & Co., Inc. ("Sopher") in favor of Old Stone Federal Savings Bank. The Mortgage covered real property including professional condominium units located on 61st Street in Manhattan. The Mortgage was executed in April 1987 by Sopher to secure a loan evidenced by a mortgage note in the amount of $4,200,000. The Mortgage contained a non-recourse provision.[1]
 
 
 4
 Sopher defaulted in its payments on the loan, and the RTC therefore brought this foreclosure action against Sopher on October 4, 1994 in the United States District Court for the Southern District of New York. In the ad damnum clause of its foreclosure complaint, the RTC demanded that Sopher "[p]ay any deficiency which may remain after applying all of the monies derived from the [foreclosure] sale." On February 28, 1995, prior to any discovery, the RTC filed a motion for summary judgment, which the district court granted on August 11, 1995. That disposition is not at issue in this appeal.
 
 
 5
 On August 22, 1995, the Mortgage Trust purchased certain assets from the RTC, including the Mortgage, and shortly thereafter, the Mortgage Trust, as successor-in-interest to the RTC, was joined as a party plaintiff in the instant action. The district court appointed a referee to compute the total amount of principal, interest and late charges due the plaintiffs. The referee calculated that amount to be $5,181,438.33, as of January 15, 1996.
 
 
 6
 The plaintiff Mortgage Trust then submitted to the district court a proposed Final Judgment of Foreclosure and Sale ("Final Judgment"). That proposed Final Judgment provided that if the proceeds of the foreclosure sale were insufficient to make plaintiffs whole, then Sopher would be liable for the deficiency amount. Sopher objected to this proposed judgment, arguing that the non-recourse language in the Mortgage barred any deficiency judgment. In response, the plaintiffs claimed that notwithstanding the non-recourse language in the Mortgage, they were entitled to a deficiency judgment pursuant to a Debt Service Guaranty entered into by Sopher and the Old Stone Savings Bank (the "Guaranty"). Sopher responded that because the complaint did not mention the Guaranty, that Guaranty could not be the basis for the recovery of any deficiency amount, and that, in any event, the non-recourse language in the Mortgage trumped the conflicting language in the Guaranty.
 
 
 7
 In a letter to the district court dated February 29, 1996, the plaintiffs asked that (1) any final judgment include language permitting the plaintiffs to move for a deficiency judgment after the sale of the premises, (2) the court permit an amendment of the complaint to include a reference to the Guaranty, or, in the alternative, (3) the court allow the plaintiffs to commence a separate action against Sopher under the Guaranty pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), § 1301(3).
 
 
 8
 On March 4, 1996, the district court heard argument by the parties on these proposals. Judge Chin stated that because he was about to sign the Final Judgment, he believed that it was too late to permit amendment of the complaint, but that he would permit the plaintiffs to institute a separate proceeding on the Guaranty, and that in the separate proceeding Sopher would be able to assert the defense that the non-recourse clause in the Mortgage trumps the Guaranty.
 
 
 9
 Accordingly, the issue on appeal is whether the district court erroneously granted the plaintiffs the right to institute a separate suit, pursuant to RPAPL § 1301(3), to recover a deficiency judgment from Sopher under the Guaranty. RPAPL § 1301 (entitled "Separate action for mortgage debt") provides, in pertinent part, that
 
 
 10
 [w]hile the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.
 
 
 11
 RPAPL § 1301(3) (emphasis added).
 
 
 12
 The purpose of RPAPL § 1301 is "to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action," Dollar Dry Dock Bank v. Piping Rock Builders, Inc., 581 N.Y.S.2d 361 (2d Dep't 1992); see also Citibank, N.A. v. Covenant Ins. Co., 567 N.Y.S.2d 983, 985 (Sup.Ct. Rockland Co.1991).[2] However, New York courts have interpreted section 1301(3) to allow a separate cause of action in "special" circumstances. National City Bank of New York v. Gelfert, 284 N.Y. 13, 22 (1940); Wand v. Saleh, 630 N.Y.S.2d 367 (2d Dep't 1995). In general, "the question as to whether special circumstances have been shown is regulated by consideration of equitable principles on a case by case basis." Stein v. Nellen Development Corp., 473 N.Y.S.2d 331, 332-33 (Sup.Ct. Suffolk Co.1984); Rose v. Gershman, 402 N.Y.S.2d 921, 922 (Sup.Ct. New York Co.1978) ("[w]hether leave will be granted [to sue for deficiency] is a matter of discretion and turns upon equitable principles").
 
 
 13
 We review a district court's decision to permit a later suit to recover "any part of the mortgage debt" for abuse of discretion. Citibank, 567 N.Y.S.2d at 985; Boyd v. Jarvis, 426 N.Y.S.2d 142, 143 (3d Dep't 1980); Rose, 402 N.Y.S.2d at 922. After reviewing the record on appeal and balancing the equities in this case, we cannot say that the district court abused its discretion in granting the plaintiffs leave to file a separate suit to recover a deficiency judgment from Sopher under the Guaranty.
 
 
 14
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 "49. Exculpatory Clause. Mortgagee by acceptance hereof, agrees not to seek any deficiency judgment for any amount in excess of the funds held by Mortgagee pursuant to the terms of this Mortgage against Mortgagor in any action to foreclose this mortgage.... Nothing in this paragraph shall (a) be deemed to be a release or impairment of the indebtedness evidenced by the note or of the conveyance by this Mortgage, the rights of the Mortgagee under any guaranty or letter or credit given by Maker or by any other person or entity...."
 
 
 [2]
 "This 'election of remedies' rule [also] applies to actions on the guaranty of a note." Manufacturers Hanover Trust Co. v. 400 Garden City Assocs., 568 N.Y.S.2d 505, 507 (Sup.Ct. Nassau Co.1991)