■ PUTNAM COUNTY SAVINGS BANK, Appellant, v ALLVIEW ESTATES, INC., et al., Defendants, and GREGORY BAGEN et al., Respondents. [655 NYS2d 639] —In an action to foreclose a mortgage pursuant to RPAPL article 13, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated February 5, 1996, which denied its motion for leave to commence an action at law on the mortgage note pursuant to RPAPL 1301 (3).

Ordered that the order is affirmed, with costs.

In February 1989 Gregory and Carol Bagen gave a mortgage on certain property they owned to the plaintiff Putnam County Savings Bank (hereinafter Putnam Savings). Title to the property was later transferred to Allview Estates, Inc., a corporation apparently wholly owned and controlled by the Bagens, for nominal consideration. After the Bagens defaulted on their mortgage payments, Putnam Savings successfully prosecuted an action on the mortgage note and, in October 1992, was granted a default judgment against the Bagens in the total sum of $311,677.84. However, before the judgment was executed, the Bagens filed for bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code. In their bankruptcy petition, the Bagens listed Putnam Savings as a secured creditor. Putnam Savings thereafter commenced a foreclosure action on the subject property against Allview Estates, Inc. The Bagens were neither named nor served in the foreclosure action, and did not appear. In May 1993 a judgment of foreclosure and sale was entered against Allview Estates, Inc., and, in June 1993 the property was sold to Putnam Savings. The judgment of foreclosure and sale did not provide for entry of a deficiency judgment. The monies received by Putnam Savings from its later sale of the property were insufficient to satisfy the outstanding balance on the Bagens' mortgage note.

Putnam Savings commenced an adversary proceeding in the United States Bankruptcy Court challenging the dischargeability of the October 1992 money judgment. Putnam Savings asserted that the Bagens had been less than forthcoming with the Bankruptcy Court in disclosing their assets. In response, the Bagens moved for summary judgment dismissing the adversary proceeding. The Bagens argued that, because Putnam Savings had no viable claim against them under New York State law, it was not a "creditor" under the Bankruptcy Code.

The Bankruptcy Court found, *inter alia,* that the money judg-

ment obtained on the mortgage note by Putnam Savings had been extinguished by the judgment entered in the foreclosure action under the one-action rule set forth in RPAPL 1301. Thus, the court held, *inter alia,* because the Bagens were not named as parties, were not served, and did not appear in the foreclosure action, Putnam Savings was precluded by RPAPL 1371 from seeking a deficiency judgment against them. Accordingly, under the one-action rule, Putnam Savings appeared to have no viable claim on the Bagens' mortgage note under State law. However, the Bankruptcy Court noted that RPAPL 1301 (3) provided for a discretionary exception to the one-action rule upon a showing of "special circumstances". Failing to find New York State case law controlling on the facts before it, the Bankruptcy Court *sua sponte* held the Bagens' motion for summary judgment in abeyance in order to permit Putnam Savings to litigate in the New York State courts the issue of whether "special circumstances" were present and, therefore, whether Putnam Savings remained a viable "creditor" of the Bagens.

The Supreme Court properly denied leave to Putnam Savings to commence a second action at law against the Bagens on the mortgage note pursuant to RPAPL 1301 (3). Special circumstances do not exist in light of the failure of Putnam Savings to seek leave of the United States Bankruptcy Court to vacate or otherwise modify the automatic stay granted to the mortgagors pursuant to 11 USC § 362 *(see,* 11 USC § 362 [d]) in order to seek a deficiency judgment against the mortgagors and its failure to execute the October 1992 money judgment *(see, e.g., Sanders v Palmer,* 68 NY2d 180, 185; *Wand v Saleh,* 218 AD2d 647; *Manufacturers Hanover Trust Co. v 400 Garden City Assocs.,* 150 Misc 2d 247). We decide no other issues. Miller, J. P., Ritter, Copertino and Thompson, JJ., concur.