# Bergdoll *v.* Sopp, Appellant.

*Mortgage—Collateral for debt of another—Amount—Presumption—Evidence.*

Where a loan of $11,000 was made on condition that the father of the borrower should execute a mortgage for $8,000 as collateral security, and there is a contention as to whether the mortgage is given to secure the whole indebtedness, or only $8,000 of the debt, the presumption is, in the absence of special indemnity covenants, that the mortgage was not given as security for more than its principal sum, and in the absence of evidence to the contrary the presumption will stand.

·Argued March 27, 1911.   Appeal, No. 63, Jan. T., 1911, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1905, No. 525, on verdict for plaintiff in case of

Emma C. Bergdoll v. Ernest Sopp. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit for balance alleged to be due on a mortgage. Before DAVIS, J. See 227 Pa. 363.

From the record it appeared that on or about September 10, 1903, the son of the defendant borrowed $11,000 from the plaintiff. The latter made the loan on condition that the defendant would execute the mortgage in suit as collateral security to her. Subsequently the son's indebtedness to the plaintiff was increased, and at the time of his death it amounted to $12,200.27. His estate was insolvent, and the plaintiff received a dividend of sixteen and eleven twenty-firsts per cent upon her whole claim of $12,200.27, amounting to $2,015.95. After receiving the dividend she brought suit upon the mortgage, claiming that it was given to her as security for the whole indebtedness, and that she had the right to apply the $2,015.95 to the unsecured part of the debt due to her and to recover the whole amount of the mortgage. The defendant claimed that it was collateral for only $8,000, and that he was entitled to have the dividend credited pro rata upon that part of the indebtedness which his mortgage secured. He paid the difference, with interest, costs and counsel fees, and the case proceeded to trial for the determination of a single issue, viz.: Had the plaintiff the right to apply the dividend paid her to the unsecured part of her claim? The trial judge instructed the jury to render a verdict for the plaintiff. The court in banc subsequently entered judgment for the defendant non obstante veredicto; which judgment, on appeal, was reversed by the Supreme Court with a venire facias de novo. At the next trial the case was submitted to the jury and a verdict was rendered for the plaintiff, for $1,668.91, and judgment thereon. The defendant appealed.

Verdict and judgment for plaintiff for $1,668.91. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Alex. Simpson,* of *Simpson & Brown,* for appellants.— Where it is sought to reform a bond in accordance with a contemporaneous parol agreement, such parol agreement must be made out by "clear, precise and indubitable proof:" Spencer v. Colt, 89 Pa. 314; Hickernell's App., 90 Pa. 328; Stafford v. Giles, 135 Pa. 411; Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519; Schettiger v. Hopple, 3 Grant (Pa.), 54; Penna. R. R. Co. v. Shay, 82 Pa. 198; Phillips v. Meily, 106 Pa. 536; Jackson v. Payne, 114 Pa. 67; Sutch's Est., 201 Pa. 305.

*Joseph Gilfillan,* with him *George S. Graham,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 17, 1911:

When this case was here before (227 Pa. 363), we decided that there was evidence upon the record, by a witness named Borasky, which, if believed, would justify a finding that the $8,000, mortgage in suit had been "given as a general indemnity against any loss on the entire $11,000 indebtedness." A judgment for the defendant was reversed with a venire facias de novo that the case might be submitted to a jury to determine whether the mortgage was "collateral for every dollar of the $11,000" or simply for $8,000 of such indebtedness. This witness did not appear at the retrial of the cause, and the only evidence upon the subject was given by the plaintiff herself.

Upon the former trial Borasky said that Mrs. Bergdoll had stipulated "that the $8,000 mortgage will be as a collateral for the $11,000 loan;" whereas at the last trial Mrs. Bergdoll's testimony was that at the time the security was negotiated she had said, "I want to be protected," and that the mortgagor's son, for whom the security was being given, replied, "You can't lost a cent in

the transaction, because, first, the place would not bring less than $3,000, even if it was in bankruptcy; then you have my father's mortgage in addition;" and that "the father nodded his head." On cross-examination, in reply to the question, "As I understand you, at that conversation it was explained to you that as your debt was $11,000 or would be about $11,000, the saloon was worth $3,000?" she answered, "That is what young Mr. Sopp said. He said you can't lost a cent on this transaction, because in case of bankruptcy, the saloon would surely bring $3,000, and then you have the father's $8,000." Immediately after this, in reply to the question, "The possible debt was $11,000, and you had $3,000 sure in the saloon no matter what happened and you had the $8,000 balance?" she said, "Yes,"

The testimony just detailed is not in any sense the equivalent of that given by the witness Borasky at the former trial. If it were, the judgment for the plaintiff would not be disturbed; but we cannot sustain the judgment upon the proofs before us. It was a conceded fact that the mortgage was given as collateral for the debt of another. There being no special indemnity covenants therein, in the absence of evidence to the contrary, the presumption is that the mortgage was not given as security for more than its principal sum. Therefore it required proof to show that it was intended as security for a larger amount. The evidence produced was insufficient for that purpose; on the contrary, it indicates that the mortgage stood as security only for the amount of the indebtedness over and above the $3,000 value placed upon the saloon, or, in other words, for $8,000.

Under the circumstances binding instructions should have been given for the defendant, or, this not having been done, judgment non obstante veredicto should have been entered in his favor.

The assignments of error are sustained, the judgment is reversed, and judgment is here entered for the defendant.