█ FLORENCE BRANDENBERG, as Administratrix of the Estate of MATHEW H. BRANDENBERG, Deceased, Respondent, v. AUGUST TIRINO et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage on real property, defendants Tirino appeal from an order of the Supreme Court, Nassau County, dated January 8, 1971, which, after a hearing, denied their motion to vacate a default judgment of foreclosure. Order affirmed, without costs. Heretofore, upon an appeal from a prior order denying appellant's said motion to vacate the judgment, this court reversed said prior order and remanded the motion to the Special Term for the above-mentioned hearing (*Brandenberg* v. *Tirino*, 34 A D 2d 658). The record before us upon that appeal showed that a money judgment by confession had been entered against appellant-mortgagor August Tirino and in favor of respondent's decedent in the amount of $11,000, plus interest, costs and disbursements, before commencement of this action. That record also showed that a collateral bond executed with the note and mortgage by appellants listed moneys advanced to August Tirino, including an undated advance of $11,000. The instruments themselves were not made a part of the printed record. Appellants contended that the $11,000 set forth in the bond was the same $11,000 which was the subject of the confession of judgment and that, without the return of execution unsatisfied in whole or in part upon the judgment by confession, this subsequent action to foreclose the mortgage was barred pursuant to subdivision 1 of section 1301 of the Real Property Actions and Proceedings Law, which provides: " Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued * * * and has been returned wholly or partially unsatisfied." Appellants contended that the court had no jurisdiction to enter a foreclosure judgment against them and sought to vacate the judgment pursuant to CPLR 5015 (subd. [a], par. 4). Respondents, in affidavits, denied that the $11,000 judgment by confession corresponded to that identical sum listed in the collateral bond. The above-mentioned remand to the Special Term was for a hearing to determine this issue

(*Brandenberg* v. *Tirino*, 34 A D 2d 658, *supra*). However, we made no definitive decision with regard to the jurisdiction of the court to entertain this foreclosure action in the first instance. Special Term found as a fact that "the $11,000.00 for which the judgment was confessed is the same as the $11,000.00 item listed in [the collateral bond]". Nonetheless, the court denied appellants' motion to vacate the judgment of foreclosure. Upon the record now before us, it appears that a mortgage in the principal sum of $50,000 was executed by appellants to partially secure various indebtedness listed in a collateral bond totaling more than $200,000. The mortgage note, executed simultaneously, states that the obligors (appellants) promise to pay the obligee "the principal sum of Fifty Thousand ($50,000) dollars by paying to [respondent's decedent] * * * the sums more specifically mentioned in * * * a Collateral Bond executed simultaneously herewith". In our opinion, where a partial mortgage is given to secure a larger indebtedness, the presumption is, in the absence of evidence to the contrary, that it was not given as security for more than its principal sum (*Bergdoll* v. *Sopp*, 232 Pa. 21). Proof is required to show that the mortgage was intended as security for the larger amount. Such proof is absent here inasmuch as appellants take the position that the entire transaction was a sham, despite the fact that this issue has already been adjudicated adversely to them (*Brandenberg* v. *Tirino*, 34 A D 2d 737, *supra*). Accordingly, we are of the opinion that the "mortgage-debt" secured by the mortgage was limited to $50,000 of the total indebtedness and that the balance, unsecured thereby, could be sued upon the judgment rendered thereon, without thereby constituting a bar to a subsequent action to foreclose the mortgage. Parenthetically, we note that even if we were to view the instant indebtedness as fully secured, the same result would obtain. Where, as here, the remaining debt, beyond that portion reduced to judgment, greatly exceeds the amount of the security, it was not intended by section 1301 of the Real Property Actions and Proceedings Law to bar resort to the security, whether or not the judgment was enforced. That section and its predecessors were designed to prevent double litigation (*Irving Trust Co.* v. *Seltzer*, 265 App. Div. 696). But where the mortgage note is less than the total debt it was given to secure, as long as the unpaid debt exceeds the mortgage note by at least the amount of the separate judgment, the spirit and policy of section 1301 is not violated. The complaint in this action may have been defective in failing to state "whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected", as required by subdivision 2 of section 1301 of the Real Property Actions and Proceedings Law, but that defect is not jurisdictional. Failure to move against the complaint waives such defect (see *Szemko* v. *Weiner*, 176 App. Div. 620). Here, appellants defaulted in appearance and we have already affirmed the denial of their motion to vacate their default (*Brandenberg* v. *Tirino*, 34 A D 2d 737, *supra*). Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur. [66 Misc 2d 193.]