■ TELMARK, INC., Respondent, v NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Appellant, et al., Defendants.—Appeal from a judgment of the Supreme Court at Special Term, entered May 24, 1978 in Clinton County, which confirmed a Referee's report and directed foreclosure and sale of certain premises. In this action brought by plaintiff Telmark, Inc., to foreclose two mortgages which it was given by defendants Gerald Jolicoeur and Nancy Jolicoeur, defendant National Commercial Bank and Trust Company (NCB) appeals from the judgment at Special Term which confirmed a Referee's report finding that Telmark was due the sums of $24,987.28 and $1,886.08 on the two mortgages and granted a judgment of foreclosure and sale. Each of the mortgages was given contemporaneously with and to further secure payments due from the Jolicoeurs to Telmark under equipment leases involving a veal calf barn constructed at a cost of $17,500 by Telmark on the Jolicoeur farm and an improved heating system installed at a cost of $2,500 by Telmark in the subject barn, and although the total rental payments due under the eight-year lease for the barn and the five-year lease for the heating system totaled $35,276.16 and $3,536.40, respectively, the corresponding mortgages provided that they were to further secure payments of indebtedness in the sums of $17,500 and $2,500. Subsequent to these transactions which transpired and were recorded in 1972 and 1973, the Jolicoeurs entered into a third mortgage with NCB for $50,000 on January 6, 1975, and this latter mortgage was recorded on February 19, 1975. With these circumstances prevailing in March of 1976, the Jolicoeurs defaulted on the barn lease and mortgage on which $10,288.88 had been paid and the heating system lease and mortgage on which $1,650.32 had been paid, and since each of these leases contained a provision that the entire amount of the rent would become due in the event of default and the mortgages likewise had acceleration clauses, on October 15, 1976 Telmark commenced the present action to foreclose both mortgages. Thereafter, on June 8, 1977 at Special Term, Telmark's motion for summary judgment was granted in all respects in an order which provided that the action was to be referred to a Referee to compute the amount due to Telmark for the principal and interest on the leases and mortgages. Following a hearing on this matter, the Referee concluded that the amount due by virtue of the two leases and the two collateral mortgages was the unpaid balances of the leases, i.e., $24,987.28 on the barn lease and $1,886.08 on the heating system lease, for a total amount due of $26,873.36, and ultimately, Special Term confirmed the Referee's report and granted

Telmark a judgment of foreclosure and sale in the amount of $26,873.36. On this appeal, NCB contends that the mortgages in question do not secure the entire amounts remaining due under the corresponding leases, i.e., $26,873.36, but rather, secure at most the principal amounts of indebtedness specifically set forth in each of the mortgages, i.e., $17,500 and $2,500. We agree. Although the mortgages were admittedly inconsistent as drafted in that they also provided that the principal indebtednesses secured were to be repaid over the terms of the corresponding leases and in payments totaling the entire amounts due under the leases, i.e., $35,276.16 and $3,536.40, these inconsistencies must be resolved so as to limit the maximum amounts secured by the mortgages to $17,500 and $2,500. Not only do the clauses establishing the principal amounts of indebtedness secured appear in the mortgages prior to the clauses detailing the schedules of payments (see *Pittsburgh & Shawmut R. R. Co. v Central Trust Co. of N. Y.,* 156 App Div 182; *American S. S. Co. v Wickwire Spencer Steel Co.,* 42 F2d 886, affd 49 F2d 766), but most significantly, under section 258 of the Tax Law these mortgages are enforceable only to the respective sums of $17,500 and $2,500, the amounts upon which the mortgage tax was paid. Under these circumstances, it must be presumed and we conclude that the mortgages were given and intended as partial security for the rental payments under the leases with the indebtednesses secured limited to the principal sums indicated in the mortgages (cf. *Brandenberg v Tirino,* 37 AD2d 713, app dsmd 29 NY2d 486; *Carroll v Chauret,* 241 Mich 338). In so ruling, we further find that NCB is precluded from arguing for the first time on this appeal that the agreements between Telmark and the Jolicoeurs are usurious and, consequently, void because it failed to plead this defense or raise this issue at Special Term and the defense of usury must be pleaded or it is lost *(Lipedes v Liverpool & London & Globe Ins. Co.,* 184 App Div 332, affd 229 NY 201; 32 NY Jur, Interest and Usury, §§ 87, 90). Judgment modified, on the law, by reversing the judgment of foreclosure and sale in favor of plaintiff, and matter remitted to Special Term for recomputation in accordance herewith, and, as so modified, affirmed, with costs. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.

Staley, Jr., J. dissents in the following memorandum. Staley, Jr., J. (dissenting). I respectfully dissent and would remit the action for a recomputation of the amounts due. The barn mortgage was given in the sum of $17,500 to secure an indebtedness of $35,276.16. The Referee concluded that the unpaid balance on this mortgage is $24,987.28. The second mortgage was in the sum of $2,500 to secure an indebtedness of $3,536.40. The unpaid balance on this second mortgage is $1,886.08. These mortgages were given as security for the total indebtedness outstanding and since the indebtedness on the first mortgage exceeded the security, the stated amount of the security remained as the debt owed and the amount of principal due in the action to foreclose the mortgage. Thus, the sum of $17,500 was the principal amount due on the barn mortgage. "Where a partial mortgage is given to secure a larger indebtedness, the presumption is, in the absence of evidence to the contrary, that it was not given as security for more than its principal sum." *(Brandenberg v Tirino,* 37 AD2d 713, 714, app dsmd 29 NY2d 486.) Applying the same principle to the second mortgage of $2,500, since there is still unpaid the sum of $1,886.08 in the foreclosure of that mortgage, the principal amount due should be computed to be the sum of $1,886.08. The judgment should be modified, and remitted for recomputation of the amounts due.