■ GIT INDUSTRIES, INC., Appellant, v ALLAN V. ROSE, Also Known as ALAN V. ROSE, Respondent. — In an action, *inter alia,* to recover damages for breach of an agreement to pay the deficiency between the proceeds of a foreclosure sale and a mortgage debt, plaintiff appeals from (1) an order of the Supreme Court, Suffolk County, dated March 5, 1980, which denied its motion for summary judgment, and granted defendant's cross motion for summary judgment, and (2) a judgment of the same court, entered thereon on April 16, 1980. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248), without costs or disbursements. Judgment modified by deleting therefrom and from the order dated March 5, 1980 the provisions granting defendant's cross motion for summary judgment, and substituting therefor provisions denying said cross motion. As so modified, judgment affirmed, without costs or disbursements, and the complaint is reinstated. On March 30, 1972 defendant, as mortgagee, assigned to plaintiff's predecessor in interest, a pre-existing purchase-money mortgage. Simultaneously therewith, defendant guaranteed performance of the mortgagor's obligations and, further, agreed to repurchase the mortgage debt after 24 months. Thereafter, the mortgagor defaulted. Several times plaintiff extended defendant's time to repurchase the mortgage. On September 12, 1977 the parties entered into an agreement whereby plaintiff agreed, *inter alia,* to commence proceedings to foreclose the mortgage, and defendant agreed that in the event said proceedings were "successfully completed", to pay any deficiency between the amount of the judgment of foreclosure plus plaintiff's legal expenses, and the proceeds of the foreclosure sale. Defendant further agreed: "that in the event the aforementioned foreclosure action is not successfully completed, or the Note has not been paid in full, by January 10, 1979, the undersigned [defendant] will purchase the Note from you for a sum equal to the then remaining principal balance of the Note, all accrued unpaid interest, and *** legal expenses incurred in prosecuting the foreclosure proceeding." Plaintiff commenced foreclosure proceedings, named defendant as

a party, and asked for a deficiency judgment against him. The judgment of foreclosure and sale dated July 24, 1978 awarded plaintiff the principal sum of $327,557.75, directed the sale of the property, and further provided: "if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff recover of defendant Allan V. Rose also known as Alan V. Rose the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, within the time limited therein, and the amount thereof is determined and awarded by an order of this court as provided for in said section". At the foreclosure sale, plaintiff purchased the property in question for $100. Thereafter, plaintiff commenced the instant action against defendant and demanded $372,557.75, plus interest, costs and disbursements, and $15,000 in legal expenses. Plaintiff also demanded that defendant be ordered to take title to the property. Special Term dismissed the action because plaintiff did not proceed pursuant to RPAPL 1371. Special Term also held that the agreement of September 12, 1977 was merely a modification of defendant's guarantee of the mortgage debt; therefore the action was barred by RPAPL 1301 (subd 3) (see *Robert v Kidansky,* 111 App Div 475, affd 188 NY 638). However, the instant case does not involve a straight assignment of a mortgage debt, accompanied by a guarantee of payment. Defendant was obligated to "repurchase" the mortgage debt. Thus, it appears that there was an independent loan from plaintiff to defendant, with the mortgage debt pledged as security. The provisions of 1371 would not apply to a new loan separate and distinct from the mortgage debt (see *Honeyman v Hanan,* 275 NY 382). Further, if the instant action was brought to recover an obligation other than the mortgage debt, RPAPL 1301 (subd 3) would not bar its prosecution as a separate action (see *Hellawell v Baer,* 249 App Div 641). Owing to certain ambiguities in the agreement of September 12, 1977, a trial is necessary. It is unclear as to whether the agreement merely modified the terms of defendant's guarantee of the mortgage debt, or modified defendant's obligation under a separate loan (see *Barber v Hathaway,* 47 App Div 165, affd 169 NY 575; *Frensdorf v Stumpf,* 30 NYS2d 211). Further the meaning of the clauses "upon the successful completion of the * * * foreclosure proceeding" and "in the event the * * * foreclosure sale is not successfully completed" is inherently ambiguous. In addition, although plaintiff contends that the agreement requires defendant to take title to the property, the agreement does not explicitly express that intent. Therefore, there is some question as to whether the writing fully and accurately expresses the agreement between the parties. Damiani, J.P., Gibbons, Gulotta and Thompson, JJ., concur.