(December 29, 1987)

■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant, v MARGUERITE SIBTHORP et al., Defendants, and MYLENE LIG-GETT et al., Respondents.—Order, Supreme Court, County of New York (Burton S. Sherman, J.), entered April 3, 1987, which, *inter alia,* denied plaintiff's motion for summary judgment on the first cause of action, and, *sua sponte,* dismissed said cause of action, unanimously reversed, on the law, to the extent appealed from, the first cause of action reinstated and the motion granted with costs and disbursements.

Plaintiff's first cause of action sought foreclosure of a mortgage on residential property known as 6 Riverview Terrace in New York City. The mortgage secured a demand note executed by defendants in the sum of $400,000 in return for a personal loan in that amount extended by plaintiff to defendants. The second cause of action was based upon the personal guarantees of defendants with respect to the corporate obligations of Westex, a company owned by defendants. Plaintiff has obtained a judgment on its second cause of action against each of the three defendants. That judgment is not at issue. Plaintiff, which had twice before moved for summary judgment, renewed its motion for summary judgment on its mortgage foreclosure action. It is conceded that defendants' outstanding obligations to plaintiff currently exceed the $400,000 face amount of the mortgage. Furthermore, defendants are unable to proffer any valid defense to the foreclosure action. Notwithstanding, the motion court denied the summary judgment motion and, *sua sponte,* dismissed the first cause of action because the mortgage secured not only the $400,000 loan but also "all present and future indebtedness" of defendants to

plaintiffs under the personal guarantees which had been the subject of the second cause of action. Finding that the "mortgage debt" was not just the $400,000, but the totality of defendants' obligations, the court held that plaintiff's foreclosure action was barred by RPAPL 1301, which precludes foreclosure of a mortgage where a judgment has already been obtained on "any part of the mortgage debt". In so holding, the motion court erred.

RPAPL 1301 (1), insofar as is relevant, provides, "Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment * * * and has been returned wholly or partly unsatisfied." Those cases interpreting RPAPL 1301 have uniformly held that entry of a money judgment on certain of a party's obligations does not preclude foreclosure of a mortgage securing obligations reduced to judgment, as long as no portion of the principal amount identified in the mortgage as the lien amount has been reduced to judgment. *(See, e.g., Brandenberg v Tirino,* 37 AD2d 713, *lv dismissed* 29 NY2d 486; *Telmark, Inc. v National Commercial Bank & Trust Co.,* 73 AD2d 777; *accord, Bank of N. Y. v Cerasaro,* 98 AD2d 902.) There is a distinction between the identity of obligations secured by a mortgage (here, "all present and future indebtedness, obligations and liabilities") and the maximum amount realizable out of the property mortgaged (the lien amount, here, "the sum of Four Hundred Thousand—Dollars". *(See, State Bank v Fioravanti,* 51 NY2d 638, 641.) Since no portion of the $400,000 principal indebtedness identified in the mortgage has been reduced to judgment, RPAPL 1301 does not bar foreclosure, even though all of defendants' other obligations have been reduced to judgment by plaintiff. Accordingly, we reverse, reinstate the first cause of action and grant summary judgment to plaintiff thereon.

We also note, in passing, that even if the motion court were correct in its reasoning that RPAPL 1301 barred recovery on the foreclosure action, dismissal was not the appropriate remedy in any event. In such case, plaintiff would have been entitled to conversion of the foreclosure action to one for a money judgment pursuant to CPLR 103 (c), and to a direction to the clerk to enter a money judgment. Concur—Murphy, P. J., Sullivan, Ross, Rosenberger and Smith, JJ.