■ GERARD R. LEAR, as Administrator of the Estate of

HANS-DIETER LEPRICH, Deceased, et al., Plaintiffs, v NEW YORK HELICOPTER CORP. et al., Respondents, and TURBOMECA COMPANY et al., Appellants, et al., Defendant. (Appeal No. 91-02399.) [597 NYS2d 411] —In an action to recover damages for wrongful death, the defendants Turbomeca Company and Turbomeca Engine Corp. appeal from so much of an order of the Supreme Court, Queens County (Nahman, J.), dated October 16, 1990, as, upon granting the motion of the defendants New York Helicopter Corp. and Island Helicopter Corp. for reargument of a motion for summary judgment in their favor dismissing the cross claims asserted against them by Turbomeca Engine Corp., Turbomeca Company, and Aerospatiale Helicopter Corp., which was denied by an order of the same court, dated July 16, 1990, granted that branch of the motion which was to dismiss the fourth cross claim asserted by Turbomeca Engine Corp. and Turbomeca Company.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that "[m]otions for reargument are addressed to the sound discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" *(Swenning v Wankel,* 140 AD2d 428, 429; *see, Rodney v New York Pyrotechnic Prods.,* 112 AD2d 410). In view of the showing made by the movants herein, we find that reargument was properly granted.

We reject the contention of Turbomeca Company and Turbomeca Engine Corp. that the court erred in dismissing the fourth cross claim alleging a breach of the parties' lease. The duty to procure insurance for each helicopter as set forth in the lease was clearly satisfied in this case and, as the Supreme Court determined, nothing more was required by the terms of the parties' agreement. Sullivan, J. P., Miller, Copertino and Pizzuto, JJ., concur.