*939 OPINION OF THE COURT
Edward H. Lehner, J.
At issue on this motion is whether plaintiffs’ decision to forego obtaining a deficiency judgment after foreclosing upon a mortgage on realty owned by movant Jung Ja Kim, which had been delivered to plaintiffs as collateral security for a debt guaranteed by movant, bars them from proceeding against her to enforce a judgment by confession entered pursuant to an affidavit she executed at the time of the delivery of the mortgage. I find that plaintiffs are so barred and direct that the judgment be deemed discharged.
FACTS
On April 15, 1987, defendant J.K.I.F. Management, Inc. (J.K.I.F.) borrowed $185,000 from plaintiffs to be repaid vzith interest at 24.9% per annum. This indebtedness was guaranteed by defendants Joe K. Lee and Jung Ja Kim. To collateralize her guaranty, Ms. Kim delivered to plaintiffs a first mortgage on realty owned by her located in Brooklyn, New York. She also executed an affidavit permitting the filing at any time of a judgment by confession for the amount guaranteed.
Allegedly sometime in 1988, J.K.I.F. defaulted on the note issued in connection with the loan. Ms. Kim’s confession was then filed on April 21, 1988 with the clerk of this court, and judgment was entered against her for $257,950.32. Execution on the judgment was issued in October 1989 and shortly thereafter returned unsatisfied. One year later, in December 1990, an action was commenced by plaintiffs in Kings County to foreclose upon the mortgaged premises and, as a result of movant’s default, a judgment of foreclosure and sale was signed on December 16, 1991. Any claims of movant with respect to improper service in that action are not relevant to the present motion, she having moved in Kings County to set aside the judgment of foreclosure.
At the foreclosure sale held on July 22, 1992 plaintiffs apparently purchased the property (which movant asserts was worth $350,000) for $100. They subsequently sold the bid to a third party for a substantial sum. However, no application for a deficiency judgment pursuant to RPAPL 1371 was ever made.
By the instant motion Ms. Kim seeks to have her confession of judgment set aside on the grounds that because plaintiffs failed to apply for a deficiency judgment, the bid at the sale *940 constituted full satisfaction of her indebtedness pursuant to the provisions of subdivision (3) of RPAPL 1371. Plaintiffs counter that the subsequent foreclosure action does not bar them from seeking to recover nonmortgaged assets based on the previously entered judgment by confession.
DISCUSSION
RPAPL 1371, in relevant part, provides:
"1. If a person who is liable to the plaintiff for the payment of the debt secured by the mortgage is made a defendant in the action, and has appeared or has been personally served with the summons, the final judgment may award payment by him of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds, pursuant to the directions contained in such judgment, the amount thereof to be determined by the court as herein provided.
"2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale * * * the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment * * *
"3. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.”
If movant were the borrower, as opposed to being a guarantor, there can be no doubt that under the statutory framework plaintiffs would be barred from seeking further recovery from her for the mortgage debt because of their failure to apply for a deficiency judgment. Under such circumstances, "it must be conclusively presumed that the proceeds of the foreclosure sale were in full satisfaction of the mortgage debt, thereby depriving [plaintiffs] of further recourse to any other security which [movant] may have contemporaneously given on the same obligation” (Statewide Sav. & Loan Assn. v Canoe Hill, 54 AD2d 1018, 1019 [3d Dept 1976], affd 44 NY2d 843 [1978]; see also, Corley v Miller, 133 AD2d 732 [2d Dept 1987]; Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400 [2d Dept 1983]).
*941 The fact that the borrower (J.K.I.F.) did not issue a mortgage, but that the mortgage foreclosed was delivered by a guarantor, does not alter the result as the guarantor is, under RPAPL 1371, a person liable to the plaintiffs for the debt secured by the mortgage and "like the debtor, is entitled to the protection of RPAPL 1371 (3) when no deficiency judgment is obtained” (Sanders v Palmer, 68 NY2d 180, 187 [1986]). In that case where the borrower and the guarantor both delivered mortgages on separate property, it was held that a second foreclosure sale could not take place until and unless a deficiency was determined after the first sale.
The fact that, in addition to obtaining a mortgage to collateralize the guaranty, plaintiffs here also procured a confession of judgment does not entitle them to enforce the confession. To permit enforcement would allow plaintiffs to circumvent the statutory protection intended to be afforded mortgagors by RPAPL 1371 (the history of which is detailed by Judge Meyer in his opinion in Sanders v Palmer, supra) as it would enable plaintiffs to enforce the full guaranteed obligation without having a court determine the true value of the mortgaged property, which plaintiffs at bar acquired based on their $100 bid at the foreclosure sale. This would clearly defeat the purpose of the section. That plaintiffs had entered the judgment against movant prior to the commencement of the foreclosure action gives them no further rights.
Accordingly, Ms. Kim’s motion is granted and the clerk shall be directed to vacate the subject judgment on confession.