■ THREE BROTHERS ESTATES, INC., Respondent, v JOSEPH GULI et al., Appellants, et al., Defendant. [613 NYS2d 56] —In

an action to discharge a mortgage, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated September 30, 1992, which, upon reargument, directed them to issue a satisfaction for the full amount of the mortgage upon receipt of the monies necessary for such satisfaction.

Ordered that the order is affirmed, with costs.

It is well settled that "[m]otions for reargument are addressed to the sound discretion of the court and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" *(Swenning v Wankel,* 140 AD2d 428, 429; *Lear v New York Helicopter Corp.,* 192 AD2d 645, 646). In view of the court's subsequent reliance on two cases cited by the movant for reargument, we find that the court did not improvidently exercise its discretion in granting the motion for reargument.

Furthermore, we find that the court correctly concluded that since the mortgage did not clearly state that the security agreement was secured by the subject property, the mortgage can be satisfied by payment of the balance due on the face amount of the mortgage, i.e., $25,000 *(see, Telmark, Inc. v National Commercial Bank & Trust Co.,* 73 AD2d 777; *Brandenberg v Tirino,* 37 AD2d 713; *cf., State Bank v Fioravanti,* 51 NY2d 638; *Matter of Jeffrey Towers v Straus,* 31 AD2d 319). O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.