■ BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent, v MARI-AGE BRIDALS, INC., et al., Defendants, and GERTRUDE GLASS, Appellant. [626 NYS2d 535] —In an action, inter alia, to

foreclose a mortgage, the defendant Gertrude Glass appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered December 9, 1993, which is in favor of the plaintiff and against her, among other things, directing the sale of the subject property.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the appellant's contentions, RPAPL 1301 does not bar the plaintiff from foreclosing on the subject property. In this case, the obligation secured by the mortgage was the appellant's limited guaranty of payment on a separate loan made by the plaintiff to the defendant Mari-Age Bridals, Inc. Because the obligation secured by the mortgage was separate and independent from the note accompanying the mortgage, as contemplated by RPAPL 1301, the plaintiff was not barred by that statute from obtaining a judgment of foreclosure and sale (see, GIT Indus. v Rose, 94 AD2d 714; Bank Leumi Trust Co. v Sibthorp, 135 AD2d 476).

The appellant's remaining contention is without merit. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.