■ P. T. Bank Central Asia, Plaintiff, v Wide Motion Corp. et al., Defendants. (Action No. 1.) P. T. Bank Central Asia, Respondent, v Che Kei Li, Also Known as Danny Chi Kei Li, Appellant, et al., Defendants. (Action No. 2.) [649 NYS2d 151] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered on or about November 14, 1995, which, *inter alia*, denied defendant-appellant guarantor's cross motion for summary judgment dismissing action No. 2, and granted plaintiff's motion to consolidate action No. 1 to foreclose a mortgage with action No. 2 to enforce appellant's guarantee of the mortgage, to amend the complaint in action no. 2 to include a claim against appellant for a deficiency judgment and to delete the claim against appellant and defendant principal debtor for the full amount of the debt, to confirm the Referee's report of sale in the mortgage foreclosure action, and for a deficiency judgment against appellant and the principal debtor in the amount of $200,061 plus interest and costs, unanimously affirmed, with costs.

Appellant's reliance on RPAPL 1301 in support of dismissal is misplaced because the two actions commenced by respondent bank in this case do not both seek to recover a mortgage debt (*see, e.g., Federal Deposit Ins. Corp. v Forte*, 94 AD2d 59), but rather a debt stemming from the principal debtor's breach of its line of credit agreement with plaintiff. RPAPL 1301 is inapplicable where, as here, the second action is on a debt that is separate and distinct from the mortgage debt (*GIT Indus. v Rose*, 81 AD2d 656, *on remand* 94 AD2d 714, *affd* 62 NY2d 659). Clearly, consolidation was proper, as the two actions arise out of the same contract and involve interrelated questions of

law or fact. Nor was it error to allow plaintiff to amend the complaint in the guarantee action, or to grant a deficiency judgment against appellant, that judgment properly arising out of the action in which he was named, served, and appeared. We have considered appellant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.