■ BANK LEUMI TRUST COMPANY OF NEW YORK, Respondent, v JAMES ANDREWS et al., Appellants, et al., Defendants. [679 NYS2d 403] —In an action to foreclose a mortgage, the defendants James Andrews and Mary Andrews appeal from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered March 20, 1998, which denied their motion to dismiss the complaint and granted the plaintiff's motion, *inter alia*, to confirm the Referee's report, and (2) a judgment of the same court, entered March 20, 1998, which is in favor of the plaintiff and against them, foreclosing the mortgage.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appellants, James Andrews and Mary Andrews, were the majority shareholders of Coyne Electrical Contractors, Inc. (hereinafter Coyne). In 1989 the appellants personally guaranteed the repayment of a $3,000,000 credit line loan made to Coyne by the plaintiff, Bank Leumi Trust Company of New York. In 1990 the amount of the loan, which continued to be personally guaranteed by the appellants, was increased to $6,250,000. To partially secure its increased indebtedness, Coyne and another corporate entity controlled by the appel-

lants executed and delivered a mortgage to the plaintiff on four parcels of real property. The mortgage specifically stated that it was executed "to secure the payment, to the extent of [$499,000] ('Secured Principal Amount') * * * of all sums which may now or hereafter be owing by Coyne to the mortgagee pursuant to [a] certain $6,250,000 Promissory Note".

The $6,250,000 note became due on January 31, 1991. In connection with an extension of that note by the plaintiff, the appellants executed a mortgage on their personal residence. That mortgage specified that it was intended to secure the payment "to the extent of [$1,200,000] ('Secured Principal Amount') * * * of all sums which may now or hereafter be owing" pursuant to the appellants' personal guaranty of the $6,250,000 note executed by Coyne.

In March 1994, when the note ultimately matured, Coyne failed to pay $2,869,115 of the principal then owing, and the plaintiff obtained a judgment of foreclosure on the $499,000 mortgage on the corporate property. The appellants claim that as a result of the plaintiff's failure to obtain a deficiency judgment against them, the instant foreclosure action against their personal residence is barred (see, RPAPL 1371). The Supreme Court rejected this argument. We affirm.

The appellants rely on the well-settled proposition that when a single debt is secured by a mortgage on the property of a corporate debtor and a mortgage on property owned by an individual guarantor, the failure to obtain a deficiency judgment against the guarantor after the sale of the corporate debtor's property bars further action to foreclose the guarantor's mortgage (see, RPAPL 1371 [3]; see also, Sanders v Palmer, 68 NY2d 180; Roseview Farms v Pfister, 198 AD2d 339). This principle, however, has no application to the instant case (see, Bank Leumi Trust Co. v Mari-Age Bridals, 215 AD2d 422). Contrary to the appellants' assertion, their personal obligation under the guaranty and the debt secured by the mortgage on their residence were separate and distinct from the debt secured by the mortgage on the corporate property (see, GIT Indus. v Rose, 81 AD2d 656, on remand 94 AD2d 714, affd for reasons stated below 62 NY2d 659). By its express terms, the mortgage on the corporate property only secured a debt of $499,000 (see, Bank Leumi Trust Co. v Sibthrop, 135 AD2d 476, 477). Upon the plaintiff's foreclosure of the corporate property, it realized the maximum amount that mortgage had secured (see, Bank Leumi Trust Co. v Sibthrop, supra). Under those circumstances, the failure to seek a deficiency judgment in the prior action did not bar the plaintiff from commencing

the instant foreclosure action on the appellants' residence (*see, P.T. Bank Cent. Asia v Wide Motion Corp.,* 233 AD2d 151; *Federal Deposit Ins. Corp. v Forte,* 94 AD2d 59; *Brandenberg v Tirino,* 37 AD2d 713, 714; 3 Bergman, New York Mortgage Foreclosures, § 34:05 [2]).

The appellants' remaining contentions are without merit. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.