■ NORTH-EAST HOSPITALITY, L. L. C., Appellant, v BATAVIA INNKEEPERS, INC., Respondent. [692 NYS2d 261] —Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner commenced this special proceeding to discharge a mortgage pursuant to RPAPL 1921. Supreme Court erred in denying the petition. The mortgage was to secure $150,000 due under a promissory note "together with all interest thereon, and all other sums * * * which may

or shall become due hereunder or under the Note or any of the other Loan Documents (as defined in the Note)". The Note defined "Loan Documents" to include "this Note, the Mortgage, and any and all other documents executed and/or delivered in connection with the Loan." Petitioner paid the principal and interest due on the $150,000 loan. Respondent refused to discharge the mortgage, alleging that petitioner owed money under the Management Agreement, which it argued was secured by the mortgage. The court agreed with respondent that the term "Loan Documents" included the Management Agreement. That was error. A mortgage "must clearly refer to the obligation which the realty is to secure" (*Matter of Jeffrey Towers v Straus,* 31 AD2d 319, 322, *affd* 26 NY2d 812, *rearg denied* 27 NY2d 670; *see, Three Bros. Estates v Guli,* 205 AD2d 525, 526). There is no mention of the Management Agreement in the definition of Loan Documents. Further, the mortgage sets forth two separate events of default, i.e., a default "under the Note, or under any Loan Document" and a default "under the terms of that certain Management Agreement". Had the parties intended the Management Agreement to be included in the definition of Loan Documents, there would have been no need to list a default under the Management Agreement as an event of default separate from a default under "any Loan Document". Because the mortgage did not clearly state that it secured the Management Agreement, the mortgage was satisfied when petitioner paid the balance due under the promissory note (*see, Three Bros. Estates v Guli, supra,* at 526). We therefore reverse the judgment and grant the petition. (Appeal from Judgment of Supreme Court, Genesee County, Dillon, J.—RPAPL.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.