■ SHAW FUNDING, L.P., et al., Appellants, v JOSHUA J. GRAUER et al., Respondents, et al., Defendants. [950 NYS2d 524]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), entered March 21, 2011, which granted that branch of the motion of the defendants Joshua J. Grauer and Cuddy & Feder, LLP, which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) for failure to comply with RPAPL 1301 (3).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted that branch of the motion of the defendants Joshua J. Grauer and Cuddy & Feder, LLP (hereinafter together the C&F defendants), which was to dismiss the complaint insofar as asserted against them. The plaintiffs argued that certain rent monies which they sought to recover in this action were wrongfully diverted to the C&F defendants, and that those monies were owed to the plaintiffs independently of a mortgage debt which the plaintiffs sought to recover in a separate mortgage foreclosure action. However, the terms of the subject Assignment of Rents and Leases establish that the rents, if recovered, were to have been "applied in reduction of the entire indebtedness from time to time outstanding and secured by [the] Mortgage." Since this action is an action to recover funds under the same mortgage debt sought to be recovered in the separate pending mortgage foreclosure action, and since the plaintiffs failed to obtain leave of court in that action pursuant to RPAPL 1301 (3), that branch of the C&F defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) for failure to comply with RPAPL 1301 (3) was properly granted (*see Rainbow Venture Assoc. v Parc Vendome Assoc.*, 221 AD2d 164 [1995]; *Wand v Saleh*, 218 AD2d 647 [1995]; *see also P.T. Bank Cent.*

*Asia v Che Kei Li*, 233 AD2d 151, 151 [1996]; *GIT Indus. v Rose*, 81 AD2d 656, 657 [1981], *affd* 62 NY2d 659 [1984]).

The parties' remaining contentions have been rendered academic. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.

Motion by the respondents on an appeal from an order of the Supreme Court, Nassau County, entered March 21, 2011, inter alia, to dismiss the appeal on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated January 31, 2012, that branch of the motion which was to dismiss the appeal as academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, upon the papers filed in relation thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal as academic is denied. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.